United States District Court
for The District of Columbia

Shanell James
              Plaintiff,

                                                    Civil Action No.
                                                      06-0562 (RMC)
against

U.S. Department of Homeland Security (DHS)  **RECEIVED**
   Customs and Border Protection (CBP)

OCT 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Plaintiff's Opposition to Defendant's Motion for Summary Judgement

Now comes, Shanell James, pro-se/plaintiff in the above civil action, here by responds to Defendant(s) United States Department of Homeland Security (DHS), Customs and Border Protection (CBP)."Motion for Summary Judgment"

Contrary to the Defendant(s) assertion that "there are no material facts as to which there are no genuine issues". The Plaintiff will now demostrate his opposition, along with documentary evidence corroborating the facts. This assertion will as the Defendant(s) know, will provide this Honorable Court with the necessary evidence contradicting the Defendant(s) position, by submitting affidavit, and annexed Exhibits of Evidence, plus supporting case law.

Memorandum of Points and Case Law in Support of Plaintiff Opposition for Summary Judgment

1) Defendant(s) are mistaken by declaring that Plaintiff has failed to state a claim upon which relief may be granted. In addition, the defendants actions regarding the Plaintiff's numerous requests pursuant to F O I A 5 USC § 552, and 552(a), have not been adequately processed, and/or has denied the Plaintiff constitutional rights. Including "due process (procedural)".

This procedural aspect of due process deals with fundamental fairness by which government action can affect the fundamental rights of indivisuals; it is the guarantee that only after certain fair procedures are followed can the government affect an indivisual's fundamental rights. The exact procedural rights guarantee, depend upon what procedural right a particular court regards as required by "justice and liberty" Palko v. Connecticut, 302 U.S. 319 (1937); Snyder v. Massachusetts, 291 U.S. 97 (1934); Hurtado v. California, 110 U.S. 516 (1884).


2) The actions of the Defendant(s) demostrate the lack of ethical accountability and responsability. The denial of Plaintiff's request from February 2005 to September 2006. Now due to the present litigation presented to this Honorable Court. The defendant are "brewing" continued falsehoods by submitting a declaration that intends to create a cover for it's denial by not responding to Plaintiff request. This specific defense by the Defendant(s) does not address the core issue of Plaintiff's

request. This issue is simply explained in part in; Quinon v. FBI (1996, App DC) 318 US App DC 228, 86 F3d 1222. "when FOIA requester alleges governmental misconduct, public interest is insubstantial unless requester provides compelling evidence that agency denying FOIA request is engaged in illegal activity and shows that information sought is necessary in order to confirm or refute that evidence....".

3) The Plaintiff is claiming that the Information sought can prove illegal conduct during his pre-trial process during, and/or the prosecution of criminal case. Plaintiff's complaint specifically listed relevant information, and the defendant now have decided to send not what was requested. The U.S. customs and Border Protection sent information that is not the specific information sought. CBP has also not provided or conducted a "reasonably calculated" search to uncover all relevant documents, and such search falls within common understanding of term "investigation." U.S. ex rel. Mistick PBT v. Housing Auth. (1999, CA3 Pa) 186 F3d 376, cert den (2000) 529 US 1018, 146 L Ed 2d 310, 120 S Ct 1418 and (criticized in Feingold v. Associated Ins. Cos. (2001, ND Ill) 2001 US Dist Lexis 15789, and (ovrld in part on other grounds as stated in United States ex rel. Atkinson v. Pa. Shipbuilding Co. (2002, ED Pa) 255 F Supp 2d 351) and (criticized in United States ex rel. Laird v Lockheed Martin Eng'g & Sci.

Serv. Co. (2003, CA5 Tex) 336 F3d 346, 20 BNA IER Cas 99) and criticized in United States ex rel. Yannacopolous v. Gen. Dynamics (2004, ND Ill) 315 F Supp 2d 939) This issue is succelently described regarding in the above case with relevance to the disclosure of documents in response to request under FOIA. Triggers jurisdictional, bar of False Claims Act (31 USCS § 3730).

4) The issue before this Honorable Court is the denial of FOIA request. The relevancy of this request is to obtain the recorded document that was an essential tool used to prosecute Plaintiff. Now this has caused an injury to Plaintiff who now seek post-conviction remedies to counter the results of conviction. Injury should be presumed because even if Plaintiff is guilty of conduct charged he was" and is now being "deprived of the chance to present facts or argument in mitigation to the intial decision maker." Cf. Gagnon v. Scarpelli, 411 U.S. 778, 784-785, 36 L Ed 2d 656, 93 S Ct 1756, 71 Ohio Ops 2d 279.

5) This denial now is causing a skewed monopolized violations constitutionally protected. This has caused harm to Plaintiff's First, Forth, Fifth Amendment rights. Even if the Plaintiff's conviction is justified, and even if the prosecution proved that the denial of procedural due process actually caused him some

"feeling of just treatment". They analyzed their case to that of defamation perse in which the plaintiff is relieved from the necessity of producing any proof whatsoever that he has been injured in order to recover substantial compensatory damages.

Constitutional Law § 746: Damages § 5 due process - denial - nominal damages. Furthermore title 42 USC 1983 enacted as § 1 of the Civil Right Act of 1871 17 Stat 13 provides: "Every person who, under color of any state, ordinace regulation custom or usages of any State Territory, subject or causes to be subjected any citizen of United States or other person within the jurisdiction there of to the deprivation of any rights, privileges or immunities secured by the constitution and Laws shall be liable to the party injured in action at law suit in equity, or other proper proceeding for redress".

8) Defendant(s) are mistaken in their assertion that This Honorable Court lacks subject matter jurisdiction. It is believed by the Plaintiff that the Honorable Court jurisdiction and discretion pursuant to the provisions of 5 USC § 552(a)(g)(5), 5 USC § 703, and 28 USC §§ 1391 and 1402. This is also in addition to 42 USCS 1983. This venue is proper to the Honorable Court. Further more, this

real if intangible injury. By elaborating
on this theme, Plaintiff submitts that
the holding is correct because "injury
fairly may be presumed to flow from every
denial of procedural due process. His argu-
ment is that in addition to protecting
against unjustified deprivations, the "Due
Process" clause also gurantees the "feeling
of just treatment by the government.
Anti-Fascist Committee v. McGrath, 341 US
123, 162, 95 L Ed 817, 71 S Ct 624, (1951)

A right to procedural due process is
absolute in the sense that it does not
depend upon the merits of a claimant's
substantive assertions; the denial of
procedural due process is actionble for
nomial damages without proof of actual
injury. If this Honorable Court finds this
to be true, that the Defendant(s) engaged
in the above listed conduct. This should
constitute involvement. Persons who "subject
another to deprivation of constitutional
right within meaning of 42 USCS § 1983,
if person(s) does affirmative act, participates
in another's affirmative act or omit
to perform act which he is legally
required to do that causes deprivation
of which complaint is made, and anyone
who "cause" any citizen to be subjected
to constitutional deprivation is also liable.
Johnson v. Duffy (1978 CA9 Cal), 588 F2d 740.
also see Carey v. Piphus, 435 U.S. 247
266-67, 55 L Ed 2d 252, 98 S Ct 1042 (1978)

6) Procedural due process is guaranteed through various laws, and particularly this denial should be validated. Therefore the "Shifting Burden of Proof" should be vested to the Defendant(s) Burden - Shifting rule under which plaintiff in 42 USCS § 1983 action alleging First Amendment violations must first show by prepond-erence of evidence that conduct was constitutionally protected and that conduct alleged was substantial or motivating factor in Defendant's conduct, followed by shift of burden to Defendant to show that the same decisions would have been made in absence of protected conduct, should be applied in context involving withholding of public patronage by government entity ..." North Mississippi Communitcation, Inc. V. Jones (1989, CA 5 Miss) 874 F2d 1064, 16 Media LR 1864. also cross-reference to Carey V. Piphus 435 US 247, 55 L Ed 2d 252, 98 S Ct 1042 (1978)

7) Under note 5 of this motion the case law referrance in Anti-Fascist Committee V. McGrath, 341 US 123, 162, 95 L Ed 817, 71 S Ct 624, (1951) (Frankfurter, J, concuring "They contend that the deprivation of protected interest without procedural due process, even where the premise for the deprivation is not erroneus, inevitably arouses strong feeling of mental and emotional distress in the individual who is denied this

complaint, and various other filings to this Honorable Court is proper. The belief of the Plaintiff asserts that the initiated complaint is proper in accordence ("judicial review") with 5 USC § 552 (a)(4)(b). The contention of the Defendant(s) is that Plaintiff didn't exhaust administrative remedy. Which could be theorize as the appeal process of a denial of a FOIA request. Specifically, C.F.R. 28, 16.9. That is generally filed within 60 days of denial to: Co-Director, Office of Information and Privacy, U.S. Department of Justice, FLAG Building, Suite 570 Washington, D.C. 20530; as the administrative remedy.

## Argument

The specific questions of Law presented before this Honorable Court are as follow:

1) Did Plaintiff file FOIA request?
2) Is the Plaintiff's request frivolous?
3) Is there material facts, or issues that are not genuine?
4) The denial of Plaintiff's request?
5) The Defendant(s) actions regarding Plaintiff's request?

6) Was his request processed adequately, and was any search thorough? Relevant Documents'?

7) Was any Constitutional rights violated as in regards to FOIA denial by CBP?

8) Is Plaintiff entitled to Procedural Due Process?

9) Determine if the Defendant(s) properly use exemptions that warranted denial?

10) Did this denial deprive Plaintiff the chance to present facts or arguments to his Federal Judge regarding criminal conviction? (Post-Conviction)

11) Was Plaintiff injuried as a result of denial?

12) Should Defendant had disclose sogynted information?

13) If injury is presumed, Are Defendant(s) liable?

14) What type of damages is Plaintiff entitled to? Nominal, Punitive, and/or Compenstory

14) Is this Civil Action before this Honorable Court proper?

15) The jurisdiction regard Civil Action and the Courts discretion?

16) Was this denial unethical, and should the Defendant(s) be held accountable for it's actions? Shifting Burden of Proof?

All these questions are submitted by the

Plaintiff, for the Honorable Court to determined judgment, and applicability to law.

## Demands

w/amended declaration for civil Damages

Defendant(s) made a mistake by not releasing the soughted information, and supplied no explanation as to denial of request for any reason. Therefore, the plaintiff demands judgment against the defendant and prays this Honorable grant the following:

A) That the Honorable Court order that the requested information, records, and other related documents be made availble to the Plaintiff.

B) That the Honorable Court declare the actions of the defendants in this case to be outside of established law and unconstitutional.

C) That this Honorable Court find the Defendants liable for the violation of "Procedural Due Process" and other constitutional violations.

D) Plaintiff seeks compensatory damages

in the amount of $ 250,000.00, and punitive damages in the amount that this court would deem fair and reasonable, to deter the defendants from engaging in this type of willful conduct in the future.

E) It is humbly requested that this Honorable Court issue subpoenas to the following parties;

Specia Agent - Crinelle Medina
U.S. Customs and Immigration Enforcement

Walter Rodriguez - forensic chemist for the Southeast Laboratory of Drug Enforcement Administration.

William Beefey - Laboratory Director of the Southeast Laboratory of Drug Enforcement Administration.

Plaintiff request these individuals be subpoenaed as they are the parties involve in the Lab Analysis report under Seizure No. 2003 5206 0007020l, file No. MI 13HE03MI0294. Federal Criminal Case No. 03-20452 CR
F) That the court order defendants to

reimburse Plaintiff any cost that he may incur relating to this action.

6) Such other relief as this Court might deem appropriate. This action is filed in the interest of justice, in the spirit of the law, and is not frivolous. It is filed in good faith.

In conclusion, Plaintiff prays that this Honorable Court finds the actions of the Defendants responsible, unethical, and illegal. Deliberately violating the laws of this country and its citizens. This travesty needs to be revealed to a jury for assessment of the alledge conduct and its potential liability.

October 2006

Shanell James
Submitted by,
Shanell James   Pro-Se /Plaintiff
Register No. 69889-004
F.C.I Fort Dix
P.O. Box 7000 West
Fort Dix, N.J. 08640

United States District Court
for The District of Columbia

Shanell James
        Plaintiff,

against                          Civil Action No.
                                    06-0562 (RMC)

U.S. Department of Homeland Security (DHS)
U.S. Customs and Border Protection (CBP)

## Affidavit of Plaintiff

Plaintiff was brought to U.S. District Court of The Southern District of Flordia, on July 31, 2003. Regarding federal Criminal Case No. 03-20452CR. This case was heard by the Honorable District Judge Ursula Ungaro-Benages. Counsel of the Plaintiff was Jason P. Grey Esq. The Prosecutor was Assistant U.S. Attorney Seth Eric Miles.

Once escorted into the courtroom by U.S. Marshals, Plaintiff James was seated. Then Mr. Grey whispered to James "Today you are going to plead guilty." I then asked Counsel "How can I plead guilty without seeing my discovery?" Grey then responded "why do you want to see it?" He also stated that the "judge is going to be pissed off."

During this time the Judge was in chambers. Mr. Grey then motioned to AUSA Miles for a moment to confer. A few minutes later, Grey asked Miles in front of me. For a copy of discovery. He explained that I would only want to view it briefly, and then plead guilty once the Judge took to the bench.

Mr. Miles provided a packet of paper to Grey who then place them in front of me. I very quickly started to examine the various documents contained within. The documents viewed were copies of my airline tickets, passport, and a Lab Analysis Report. The report was then my focus. I began to search the report. In section # 25 of the report it stated that the analyzed seizure was "acetomedphain and caffiene". I then asked Mr. Grey to explain several documents including the report. He then asked me "why". I then stated "I'm Not going to plead guilty, until I have a thorough time to view the discovery." This made Mr. Grey agitated. He then quickly side bar with Mr. Miles.

Shortly after that, the Honorable Judge Ungaro-Benages took the bench. She was informed that I was not going to plead guilty during the proceeding. Mr. Grey then told the Judge that I requested to see my "PSI". That prompted to annoy the Judge slightly. She then set a date for

Some time in September 2003, I was finally sent a copy of the discovery. Contained within it was a different Lab Analysis report that stated the alledged seizure was: "heroin hyrdo-chloride". I spoke several times to Mr. Kukec, and voice my assertion of viewing the earlier Lab report. Mr. Kukec told me that all the information I recieved came from the AUSA office.

Months later after being convicted, I learned of the Freedom of Information process, via the Law Library at F.C.I Otisville. In November 2004 I filed FOIA requests to the U.S. Department of Justice, FOIA Department, Justice Management Division. Who the referred it to their Mail referral Unit. My request was then process, and submitted pursuant to the relevant agencies concerned. Specifically the Federal Bureau of Investergation (FBI), The Executive Office of United States Attorneys (EOUSA), and Drug Enforcement Agency (DEA).

I believed that the FOIA responses would release the "Lab report" and/or supported my new defense of innocence via entrapment. The potental to possess this record became desperate and frustrating. It would collaborate my admission during my Sentencing hearing in my "Acceptance of Responsibility", and various debriefings by the arresting agency, U.S. Customs and Border Protection.

Once the Referral Action Slip was forwarded to the above mention agenices. I started recieveng responses mentioning the processing of

my request, and issued a request number from each prospective agency. It was specifically requested by Ronald L. Deon, Director of Facilities and Administrative Service Staff Justice Management Division. That I submitted a letter directly to Bureau of Customs and Border Protection. For this agency is outside of the Department of Justice. The suggested request letter was drafted and duplicated to DEA. It listed itemized information which was intended to help accommodate in the retrieval of soughted information, and relating document. After filing these requesting letters. I began recieving responses from DEA, FBI, and the EOUSA. The corresponding letters stated that there was no information found for the information requested. I then filed (28 C.F.R. 16.9) appeals individualized to the Office of Information and Privacy, Co-Director. I shortly recieved letters concurring with FBI and DEA, EOUSA. That No information could be found. Since the submittance of my request to U.S. Customs and Border Protection Bureau, I only recieved a letter explaining that my request was being process. I also recieved a "Request for Information" form, that verify my identity, declared my understanding the penalty for seeking information that didn't pertain to me. It outlined the penalties of im-prisonment and fine. I very thoroughly and sufficiently filled out this form, plus submitted a copy of my general request outlining the specifying information needed to retreive the

Soughted information, and relating document.
I recieved no reply.

In May 2005, I submitted a letter to CBP explaining that I was yet to recieve any response regarding my request, or any notice on recieving the completed "Request for Informatin Records". In this correspondence I asked for a notice or letter informing me of the reciept of the letter. I recieved no reply.

In August 2005, I submitted another letter to CBP inquiring the status of my last two correspondence. It detailed my request with exact detail and again listed the retrieval information. In addition it mentioned the subject matter of the last two responding letters that recieve no response. I had it notarized by Notary Public NO. 0ITIO100268. I also carbon copied it to the Director, Freedom of Information Act / Privacy Act Program, 425 Eye Street, N.W. Ullico Bilding, Washington, D.C. 20536, 2nd floor. This was then mailed to the address just listed.

I recieved no reply

In conclusion, I submitted a complaint to this Honorable court in April 2006, briefly detailing the above actions of facts associated with situations described. Now the Defendant(s) in the Civil Action No. 06-0562 have finally answered my request (September 2006) by sending document that are not the requested information, and bear no relevance to the soughted information requested.

I Shanell James declare that the above mentioned situation occurred, and are facts in which I participated. I'm familiar with the oath of law, and the penalty of perjury. I also further declare that I'm over the age of eighteen. This statement is true, and confidently constructed as summary of facts.

Respectfully Submitted

Shanell James

Sworn to and subscribed
before me this
_13th_ day of _Oct_ 20 06

Jose Curbelo

**JOSE I. CURBELO**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/26/2011

United States District court
for the District of Columbia

Shonell James
                Plaintiff,

                                    Civil Action No.
against                                06-0562 (RMC)

U.S. Department of Homeland Security
        Customs and Border Protection


Annexed Exhibits of Evidence

Lettered "A" thru "F"

Table of Contents
Annexed Exhibits of Evidence

Exhibit A : contains 6 documents
dated from January 3, 2005 thru January 21, 2005

First 3 pages are from U.S. Department of Justice,
Justice Management Division, Freedom of Information
referral /Mail Unit.

Fourth page, dated January 18, 2005 are from the
Fifth page. Executive Office for United States Attorney,
Freedom of Information /Privacy Act Unit

Sixth page is dated January 18, 2005 from the
Federal Bureau of Investigation.

Exhibit B : contains 3 documents, Dated February 15, 2005
thru February 22, 2005
First page is from U.S. Drug Enforcement Administration

Second and Third page is a FOIA request letter from
the Plaintiff to Drug Enforcement Administration, and (CBP)

Exhibit C : contains 9 documents, dated from
March 1, 2005 thru March 24, 2005

First page is from Drug Enforcement Administration

Second thru fourth pages is an Appeal filed to the Office of Information and Privacy, Co-Director, submitted by Plaintiff

Fifth and Sixth pages are from the Defendant U.S. Customs and Border Protection.

Seventh thru Ninth pages is from the Office of Information and Privacy.

Exhibit D: contains 2 documents dated May 25, 2005.

First and Second pages is a letter submitted by Plaintiff to U.S. Customs and Border Protection. (Defendant(s)

Exhibit E contains 2 documents dated June 6, 2005

First and Second pages is a letter from Office of Information and Privacy, Co-Director.

Exhibit F: contains 4 document dated February 22, 2005 thru September 6, 2005

First page is a copy of 2 Certified Mail receipts (Postal Service Form 3800) dated February 22, 2005 (postmarked) under article [NO. 7003 3110 0004 3740 3293] and September 6, 2005 under articles [NO. 7002 0510 0002 3480 4930] to Defendants. Also Postal Service Form 3800 "Domestic Return Receipt to Defendant(s) signed March 1, 2005

Second page is a letter dated August 8, 2005 from Office of Information and Privacy, Co-Director

Third and forth page is a letter submitted by Plaintiff to Defendant(s) (U.S. Customs and Border Protection date August 20, 2005

Attached but not Annexed is original letter Submitted by Plaintiff to U.S. District court for the Southern District of Flordia. This letter collaborates Plaintiff Affidavit, (Please include it in the record) (Dated August 14, 2003)

October 15, 2006          Submitted by,

                          Shanell James