United States District Court
for The District of Columbia

RECEIVED
FEB 1 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Shanell James
  Plaintiff,

against                              Civil Action No. 06-0562 (RMC)

U.S. Department of Homeland Security (DHS)
subsidiary, U.S. Customs and Border Protection (CBP)
                                        Defendant(s)

Petition For A Writ of Mandamus
seeking Default Judgement of Defendant(s)

I Shanell James, plaintiff/pro se submitt this petition to humbly seek this Honorable Court's discretion. This is in an effort to order U.S. Department of Homeland Security's subsidiary, U.S. Customs and Border Protection to compensate Plaintiff for denial, and/or failure to provide information pursuant to Title 5, United States Code, Section 552 "Freedom of Information/Privacy Act." In addition, Plaintiff seeks Default Judgement of Defendant actions.

Factual Background

1) Since Plaintiff's first direct request to Defendant under FOIA/PA in February 22, 2005. The Defendant have not provided the sougnted record of information. Compounding the matter further they have demostrated several falsehoods, ignored request, and sent information that is not relevant to Plaintiff's

(total of 7 pages)

request. Only after a filed complaint that sought the judicial review of this Honorable Court. In addition, they have requested addition time for extensions several times. Thus, resulting in a continuing act of denial that is denying Plaintiff various protected rights skewed to guarantee procedural due process. Basically, the defendant will do anything not to "face the music" of their actions.

2) Plaintiff believes that these actions began during his pre-trial phase of Federal Criminal Case No. 03-20452-CR. Specifically collaborating with the U.S. Attorney's Office for the Southern District of Flordia-Miami, who engaged in an "illegal" conduct which fabricated falsified "Lab Analysis" results. This fraud changed the analyzed results of Seizure No. 2003520600070201 that was referred by the Defendant's Special Agent Chinell Medina to the Drug Enforcement Administration (DEA) for the analysis of the above seizure no. under file No. M113HE03MI0294. The analysis took place in the DEA's Southeast Laboratory by forensic chemist Walter Rodriguez (June/2003) The analyzied results was changed in Section No. #25 of Lab report, titled Analysis and Remarks, this remark originally declared the seizure to be "acetaminophen and caffiene". The fraudulent change made it "heroin hydrocloride and caffiene (See amended Affidavit) which was the essential and primary

instrument used in the prosecution of Federal Criminal Case 03-20452-CR, thus forcing a conviction.

3) If the earlier report was provided it would have now cooborate the Plaintiff's post-conviction claims that the crime was of necessity, justification, or duress. Plaintiff also further theorized that his criminal case is a prime example of entrapment. If the Defendant was concern with the above mentioned issues it would simply have release the sought information to support the prosecuting actions resulting in a conviction of Plaintiff. However, the Defendant can't because this would expose their "shady" scheme, un-ethical conduct and prove the numerous falsehoods exhibited. This demostrating behavior shows that they have no desire to adhere or follow protocol of the FOIA/PA, nor the various other laws, or rights guaranteed by those provisions.

### Injury and Deprivation (Presumed)

4) Plaintiff's "injury" should be presumed because, even if he was guilty of conduct charged, he was deprived of the chance to present facts, or arguement in mitigation to the initial decision maker. Cf Gagnon v. Scarpelli, 411 US 778, 784-785, 36 L Ed 2d 656, 93 S ct. 1756, 71 Ohio ops 2d 279. Even if his conviction was justified, and even if the prosecution proved that the denial of

procedural due process actually caused him some real, if intangible, injury. Plaintiff elaborating on this theme, submit that the holding is correct because injury fairly may be "presumed" to flow from every denial of procedural due process. This is that addition to protecting against un-justified deprivation, the Due process clause also guarantees the feeling of just treatment by the government. Anti-fascist Committee v. McGrath, 341 US 123, 162, 95 L Ed 817, 71 S Ct 624. (1951) (Frankfurter), J., concurring. They contend that the deprivation of protected interests without procedural due process, even where the premise for the deprivation is not erroneous, inevitably arouses strong feelings of mental and emotional distress in the individual who is denied this "feeling of just treatment". They analogize their case to that of defamation per se, in which the plaintiff is relieved from the necessity of producing any proof whatsoever that he has been injured in order to recover substantial compensatory damages.

### What constitutes Involvement & Liability?

3) Assuming that the Honorable Court will agree with Plaintiff that the Defendant has involvement in the denial of request. What constitutes involvement? Pursuant to 42 USCS § 1983 "involvement is defined specifically as a person who "subjects another

to deprivation of constitutional right within meaning of 42 USCS § 1983 if a person does affirmative act, participates in another's affirmative act, or omits to perform act which he is legal required to do that causes deprivation of which complaint is made, and anyone who causes any citizen to be subjected to constitutional deprivation is also liable. Johnson v. Duffy (1978 CA9 Cal) 588 F 2d 740. also see Carey v. Piphus 55 L Ed 2d 252, 98 S Ct 1042, 258-267 (1978)

### Shifting Burden of Proof to Defendant

6) Burden-shifting rule under which plaintiff in Title, 42 United States Code § 1983 action alleging First Amendment violations must first show by preponderance of evidence that conduct was constitutionally protected, and that conduct alleged was substantial or motivating factor in Defendant's conduct, followed by shift of burden to Defendant to show that same decisions would have been made in absence of protected conduct, should be applied in context for critical media coverage of government entity's conduct. North Mississippi Communication, Inc. v. Jones (1989 CA5 Miss) 874 F 2d 1064, 16 Media L R 1864. If the Honorable Court agrees. The burden of proof shifting should be vested to the defendant(s). As mentioned in notes

1, 2, and 3 the actions of Defendant. Therefore, the Plaintiff hopes that this Honorable Court agrees that the Shifting Burden of Proof is rightfully justified. Also, that this "Shifting Burden of Proof" will show that the Defendant is "illegally" withholding information, therefore they are liable legally.

7) Constitutional Law § 746: Damages from due process denial - nominal damages. The right to procedural due process is absolute in the sense that it does not depend upon the merits of a claimant's substantive assertions; the denial of procedural due process is actionable for nominal damages without proof of actual injury.

### Demands

8) Defendant have continually deny the Plaintiff's numerous request for the information sought. Originally, it was believed that the Defendant's action was a mistake. However, through the course of events, it shows that they have no intention of following the law. Therefore, the plaintiff demands judgement against the defendant and pray the Honorable Court grant the following:

a) That the court declare the actions of the defendant, in this case outside of established law and unconstitutional, and find the defendant liable.

b) That the Honorable court order that the requested records be made available to Plaintiff.

c) Nominal and compensatory damages in the amount $50,000.00, and punitive damages in the amount that this court would deem fair and reasonable to deter defendant from engaging in this type of willful conduct in future.

d) That the court also order defendant reimburse plaintiff any cost that he may have incur in relationship to this action.

e) Such other relief as this court might deem appropriate. This action is filed in the interest of justice, in the spirit of the law and is not frivolous and is filed in good faith.

In conclusion, Plaintiff hope that the Honorable court dispense justice to stop the Defendant from it's unethical behavior, and hold them accountable for their neglect of the law.

Date: 01/24/07

Yours Truly,
Shanell James

Shanell James pro se
Register No. 69829-004
F.C.I. Fort Dix
P.O. Box 7000 West
Fort Dix, New Jersey 08640