United States District Court
for The District of Columbia

RECEIVED
FEB 7 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Shanell James
  Plaintiff,

against

Civil Action No.
06-0562(RMC)

U.S. Department of Homeland Security (DHS)
U.S. Customs and Border Protection (CBP)
            Defendant(s)

Total pages 9

## Affidavit of Plaintiff
### Amended

Plaintiff was brought to U.S. District Court for The District (Southern) of Florida, on July 31, 2003. Regarding Federal Criminal Case No. 03-20452 CR. This case was heard by the Honorable District Judge Ursula Ungaro-Benages. Counsel(s) at the time was Jason P. Grey Esq. and Kenneth J. Kukec Esq. (court appointed). The prosecutor was Assistant U.S. Attorney Seth Eric Miles.

Once escorted into the courtroom by U.S. Marshals, I was seated, then Mr. Grey whispered "Today you are going to plead guilty". I then asked counsel "How can I plead guilty, without being given my discovery?" Grey then responded "Why do you want to see it?" He also stated that "the judge is going to be pissed off."

During this time the Judge was in

Page 1

chambers. Mr. Grey then motioned to AUSA Miles for a moment to confer. This lead to a side bar (not openly displayed). A few minutes later Grey, asked Miles in front of me for "a copy of discovery" He explained that I would only want to view it briefly and then plead guilty once the Judge took to the bench.

Mr. Miles provided a packet of paper to Grey who then placed them in front of me. I very quickly started to examine the various documents contained within. The documents viewed were copies of my airline tickets, passport and a Lab Analysis report. The report was then my focus. I began to search the report. In Section #25 of the report Lab Analysis section it stated the analyzed seizure was "acetomedphain and caffiene". He then asked me "Why" I then stated "I'm not going to plead guilty without having thorough time to view the discovery." This made Mr. Grey agitated. He then again quickly sided bar with Mr. Miles.

Shortly after that the Honorable Judge Ungaro-Benages took the bench. She was informed that I was not going to plead guilty during the proceeding. Mr. Grey then told the Judge that I requested to see my "discovery" That prompted to annoy the Judge slightly. She then set a date for trial. I was then hurried

Page 2

out of the courtroom, before I could protest. After leaving the courtroom, I asked Mr. Grey to send me a copy of my discovery. He then replied "Okay".

A few weeks later after not receiving it, I composed a letter that documented my problem to the Honorable Court. It is believed that the Honorable Magistrate Judge Stephen T. Brown was advised of my failed attempts to acquire my discovery materials from Mr. Grey.

On August 13, 2003 I was brought before the Magistrate Brown. I advised the Judge that I had not received a copy of discovery. He then ordered Mr. Grey to come to the Federal Detention Center-Miami, and bring a copy of discovery and review it with me. On August 14, 2003 at the F.D.C.-Miami facility, Mr. Grey showed strong dismay at the Magistrate's orders. He cursed me by saying "I don't give a f__k, f__k you". The incident was documented and forwarded to the Honorable Ungaro-Benages. August 20, 2003 the details was read by myself in the record for the Honorable Court. (The incident caused me not to get the copy of the discovery materials. (See Exhibit "F" of Annexed Exhibits of Evidence. Plaintiff Opposition to Defendant's Motion for Summary letter dated (Page 3) August 14, 2003

Judgement") New counsel was then appointed by Judge Ungaro-Benages.

The new appointed counsel was Mr. Kenneth J. Kukec who was told of the Lab report which was viewed, and claimed the seizee was "acetamephin and caffiene." I requested a copy of discovery from Mr. Kukec as soon as possible. Mr. Kukec told me he would see what the AUSA would give him.

Some time in September/2003 I was finally sent a copy of discovery. Contained with in it was a different "Lab Analysis report that stated the alledged Seizure was now "herion hyrdochloride." I spoke several times to Mr. Kukec, and voiced my assertion of viewing the earlier Lab report which contained a different find with regards to the Analysis of the seizure. Mr. Kukec told me that all the information I recieved was what the Assistant U.S. Attorney's office sent him.

Months later after being convicted, I learned of the Freedom of Information process, via the Law Library at F.C.I. Otisville. In November/2004, I ~~failed~~ filed several F.O.I.A request to the U.S. Dept of Justice FOIA department, Justice Management Division, who then

Page 4

referred it to their Mail referral Unit. My request was then processed and submitted pursuant to the relevant agencies concerned. Specifically, the Federal Bureau of Investigation (FBI), the Executive Office of United States Attorney's (EOUSA) and the Drug Enforcement Administration (DEA).

It was believed that the FOIA responses would also release the documented "Lab Analysis Report" which would support my defense of "innocence" via entrapment. The potential to possess this record became desperate and frustrating. It would collaborate my admissions during my sentencing hearing in my "Acceptance of Responsibility" and various debriefings by the arresting agency, U.S. Customs and Border Protection.

Once the referral Action slip was forwarded to the above mentioned agencies I started recieving responses mentioning the processing of my request and issued a request number from each prospective agency. It was specifically requested by Ronald L. Deson Director of Facilities and Administrative Services, Justice Management Division. That I submit a letter directly to U.S. Bureau of Customs and Border Protection (see Annexed Exhibit "A" of Evidence) After submitting the requested letter, I also made a duplicate to file with DEA. It listed itemized information which was intended to help accommodate in the retrieval of the scented information,

Page 5

and relating documents. After filing these requesting letters, I began recieving responses from DEA, FBI and the EOUSA. The corresponding letters stated that there was no information found for the information requested. I then filed (28 CFR 16.9) appeals individualized to the Office of Information and Privacy Co-Director. Shortly after that I recieved letter concurring/affirming with the FBI, DEA, and EOUSA that no information could be found. Since the submittance of my request was being (unfruitful) it suggested that I write U.S. Customs and Border Protection for I had only recieved an letter explaining that my request was being processed. I also recieved a "Request for Information" form, that verified my identity, declared my understanding that the penalty for seeking information that didn't pertain to me would result in fine and/or imprisonment. Specifically it outlined the penalties. I very thoroughly and sufficiently filled out this form, plus submitted a copy of my general request outlining the specifying information needed to retreive the saughted information, and relating documents. I recieved no reply.

In May/2005, I submitted a letter to CBP explaining that I was yet to recieve any response regarding my request, or any

Page 6

notice of reciept of the completed "Request for Information Records". In this correspondence I asked for a notice or letter informing me of the reciept of the letter. To date I've recieved no reply.

In August/2005 I again submitted (letter) another to CBP inquiring the status of my last two corresponding letters seeking status of my inquiry. It detailed my request with exact details of events, and again I humbly provided the necessary information to assist in a quick retrivel of the soughted record. Additionally it mentioned (in body of letter) that I didn't recieve any response. It was then notarized by N.Y. notary public No. 01TI0100268. I also carbon copied it to the Director Freedom of Information Act/Privacy Act Program, 425 Eye Street N.W. Ullico Building, Washington D.C. 20536, 2nd floor. (see Annexed Exhibit "F" (Evidence) letter dated 08/30/05, and certified mail reciept article No. 7003 0510 0002 3480 4930, U.S. Postal Service form 3800) Again, I recieved no reply.

Thus I decided to filed a complaint to this Honorable Court seeking judicial review, and the additional claims for relief. Specifically in March/2006 detailed facts of this situation was outlined.

I August/September/2006, I filed a

Page 7

grievance to the following agencies, and provided various other documents supporting my claims: Thomas F. McLaughlin Assistant Inspector General, Investigation Division, Office of Inspector General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4706, Washington, D.C. 20530. also H. Marshall Jarrett, Counsel, Office of Professional Responsibility, Department of Justice, 950 Pennsylvania Avenue, N.W. Room 3529, Washington, D.C. 20530. In my letter (grievance) to these agencies, I also theorized that the denial and non-responsive response is because of a possible act of fraud and/or prosecutorial misconduct by the defendant. Possibly CBP or the U.S Attorney's Office for the Southern District of Florida (Miami). To date I've only recieve an statement from the Office of Professional Responsibility that stated it could not get involve due to the litigation presented before this Honorable Court.

In October/2006 I submitted my motion titled "Plaintiff's Opposition to Defendant's Motion for Summary Judgement". This motion contained an affidavit, and annexed exhibits of evidence, lettered "A" thru "F". However I just learned that several pages of my affidavit have been missplaced in the record (District Court's Clerk Office), along with the photo copies of grievance submitted regarding fraud/prosecutorial misconduct. I've written the Honorable Court's

Page 8

Clerk's office and staff Attorney, Jason P. Moran, of Pro Se Unit, out-lining this problem. I've remedy the problem of missing pages of affidavit, by submitting this affidavit (amended to existing record).

In conclusion, I Shanell James declare that the above mentioned situations occurred and are facts in which I participated. I'm familiar with the oath of law, and the penalties of perjury I also further declare that I'm over the age of eighteen. This statement is true, and confidently constructed as summary of facts.

Date 2/02/07     Humbly and Respectfully
                              Submitted
                              Shanell James

Sworn to and subscribed before me this 2 day of Feb, 2007

JOSE I. CURBELO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/26/2011

Page 9
End