IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANELL JAMES | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-0562 (RMC) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY | ) |
| | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S OPPOSITION
TO PLAINTIFF'S PETITION FOR A WRIT OF MANDAMUS

Defendant United States Department of Homeland Security("DHS"), United States Customs and Border Protection ("CBP"), by and through counsel, oppose Plaintiff's Petition for A Writ of Mandamus. Plaintiff fails to show that he is entitled to all of the records he requests or that he has been denied any records and that there are no other adequate remedies available other than for the court to grant mandamus relief.

A writ of mandamus is "an extraordinary [remedy] ... to be utilized only under exceptional circumstances." Haneke v. Sec'y of Health, Educ. & Welfare, 535 F.2d 1291, 1296 (D.C.Cir.1976). A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361. Mandamus is proper where: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. Muhammad v. U.S. Bureau of Prisons, 789 F.Supp. 449, 450 (D.D.C.,1992) (citing Council of and for the Blind, Inc. v.

Regan, 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc)). Because these prerequisites are jurisdictional in nature, the plaintiff's failure to meet any one of the them deprives the court of jurisdiction and thus is fatal to the plaintiff's request. Swan v. Clinton, 100 F.3d 973, 977 n. 1 (D.C.Cir.1996) (indicating that the three prerequisites go to the court's jurisdiction.)(internal quotations omitted); see also Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank, 251 F.Supp.2d. 126, 131 (D.D.C.2003) (applying Swan test). The plaintiff bears the "heavy burden" of showing that his right to issuance of the writ is "clear and indisputable." In re Cheney, 334 F.3d 1096, 1102, 1107 (D.C.Cir.2003) (internal quotations omitted).

Other than the access privileges afforded under FOIA, Plaintiff cannot show that he has an unfettered right or entitlement to the documents related to his conviction maintained by DEA. Moreover, there is no allegation that he has been denied such information. Plaintiff generally alleges that defendant has, since the filing of his "February 22, 2005 [request] . . ., provided falsehoods, ignored [his] request and sent information that is not relevant to [his] request, " Mandamus Relief at 1-2. Plaintiff, however, concedes that the defendant has responded to his request, although he is not satisfied with the documents received.

Moreover, he has available to him the FOIA, providing him another[1] adequate remedy. FOIA represents a comprehensive remedial scheme which provides requesters with the potential for injunctive relief, either to enjoin the withholding of documents or to compel production of agency records. See 5 U.S.C. § 552 (a)(4)(B); Johnson v. Executive Office for U.S. Attorneys

---

[1] To the extent that plaintiff seeks to overturn his criminal conviction, he also has available to him the habeas statute, if he believes he has been convicted in violation of the Constitution.  28 U.S.C. § 2241.

310 F.3d 771, 777 (D.C.,Cir. 2002). Morever, it is clear that courts are precluded from granting other relief if the statute at issue provides a "comprehensive system to administer public rights. " Id. at 777 (citing Spagnola v. Mathis, 859 F.2d 223, 228 (D.C.Cir.1988) (en banc)). Plaintiff has made several requests for records to the defendant agency and received responses for those requests under the guidelines of FOIA. See Declaration of Dorothy Pollo, Def. Motion For Summary Judgment.

In the absence of an allegation of any right or entitlement to records other than the privileges afforded to Plaintiff under FOIA for public documents, and because other avenues of relief are available to the Plaintiff, his request for mandamus relief should be denied.

Wherefore, it is respectfully requested that the Court deny Plaintiff's petition.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2007 a copy of the foregoing Reply was served by first class United States mail, postage prepaid, to:

SHANELL JAMES
R69829-004   FORT DIX FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 7000
Westside Compound
Fort Dix, NJ 08640
US
PRO SE

/s/
_____
Heather Graham-Oliver
Assistant United States Attorney