UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHANELL JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-562 (RMC) |
| ) | |
| U.S. CUSTOMS & BORDER ) | |
| PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Shanell James, proceeding *pro se*, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appealing the disposition of his records request by the United States Customs and Border Protection ("CBP"). The Court denied CBP's initial motion for summary judgment without prejudice on the ground that CBP had not demonstrated that its search was adequate under FOIA.[1] Now pending before the Court are several motions filed by Plaintiff. For the following reasons, the Court will deny the motions.

**I. BACKGROUND**

In February 2005, Plaintiff sent a FOIA request to CBP for all records pertaining to him in the Southern District of Florida. Compl. ¶¶ 1, 6. CBP sent Plaintiff a letter acknowledging his request on March 24, 2005. Decl. of Dorothy Pollo ¶ 2 & Exh. B.[2] CBP enclosed a "Request

---

[1] The Court has ordered the parties to submit a briefing schedule on any further dispositive motions by June 4, 2007.

[2] The declarations of Dorothy Pollo were submitted in support of CBP's motion for summary judgment.

1

for Records" form with the letter and informed Plaintiff that no records could be released until the completed form was received by the agency. *Id.* Plaintiff alleges that he subsequently submitted the records request to CBP. Compl. ¶ 9. The agency contends that it never received a completed form from Plaintiff and, thus, took no further action on the FOIA request. Decl. of Dorothy Pollo ¶ 2.

Plaintiff sent letters to CBP in May and August 2005 inquiring about the status of his records request. *Id*; Compl. ¶¶ 9-10. Having received no response from CBP, Plaintiff filed this action on March 24, 2006. Compl. ¶ 11. In response to this lawsuit, CBP conducted a search on June 23, 2006, and found two pages of documents responsive to Plaintiff's FOIA request. Decl. of Dorothy Pollo ¶¶ 1-3. The agency disclosed the documents to Plaintiff in part, redacting certain information pursuant to FOIA Exemptions 2, 6, and 7(C). *Id.*; Supp. Decl. of Dorothy Pollo ¶ 2.

## II. ANALYSIS

### A.    Mandamus Relief and Default Judgment.

Plaintiff has moved for a writ of mandamus and a default judgment on the ground that CBP has not provided the records he requested under FOIA. A writ of mandamus is an extraordinary remedy to be utilized only under exceptional circumstances. *Chaplaincy of Full Gospel Churches v. Johnson*, 276 F. Supp. 2d 82, 83 (D.D.C. 2003) (citing *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291, 1296 (D.C. Cir. 1976)). In order to obtain mandamus relief, Plaintiff must show that (1) he has a clear right to relief; (2) CBP has a clear duty to act; and (3) there is no other adequate remedy otherwise available to Plaintiff. *See Swan v. Clinton*, 100 F.3d 973, 977 n. 1 (D.C. Cir. 1996) (citations omitted); *Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank*, 251 F. Supp. 2d 126, 131 (D.D.C. 2003). Plaintiff bears a "heavy burden" of showing that his right to a writ of mandamus is "clear and indisputable." *Chaplaincy of Full Gospel Churches*, 276 F. Supp. 2d at 84.

Plaintiff cannot satisfy the prerequisites for obtaining mandamus relief. Plaintiff clearly has an adequate remedy under FOIA, which invests federal courts with jurisdiction to enjoin a federal agency "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B). Indeed, this is the very type of relief Plaintiff seeks in his mandamus petition — he requests that the Court find CBP's disposition of his records request to be improper and order the release of the requested records. Thus, FOIA provides an adequate alternative remedy for Plaintiff's claim. He is not entitled to mandamus relief.

Plaintiff also moves for a default judgment against CBP. When a defendant has failed to plead or otherwise defend against a complaint, the Court may enter a default judgment. *See* Fed. R. Civ. P. 55. A default judgment is usually appropriate only when a party has been totally unresponsive. *Savage v. Scales*, 310 F. Supp. 2d 122, 127 (D.D.C. 2004); *see also Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980). Such is not the case here. Defendant has been far from unresponsive during the course of this litigation. Defendant has filed a summary judgment motion in lieu of an answer to the complaint and responded to Plaintiff's motions. There is no basis for the entry of a default judgment.

**B.    Remaining Motions.**

Plaintiff has also submitted a motion requesting the release of all records from his criminal case in the possession of the United States Attorney's Office and the Federal Public Defender in Miami, Florida.[3] A party must exhaust the available administrative remedies under

---

[3] This motion and several others were sent by letter directly to the Court. Plaintiff is reminded that the rules of this Court prohibit direct communication with a district judge absent the judge's request. *See* LCvR 5.1 (b). All filings must be made through the Clerk of the Court.

FOIA prior to seeking relief in federal court. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 327 (D.D.C. 2002). Exhaustion is generally required "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61.

Here, Plaintiff has not provided any evidence that he submitted a FOIA request to either of these agencies. Therefore, Plaintiff has failed to exhaust FOIA's administrative remedies and his motion must be denied.

Plaintiff has also filed a motion in which he (1) seeks leave to submit an amended affidavit in support of his opposition to CBP's motion for summary judgment and for the docket to be updated accordingly, (2) asks the Court to search its files of a letter he claims he submitted in August or September 2006,[4] and (3) requests that the Court strike from the record certain pages from an exhibit he filed in support of his opposition to CBP's motion for summary judgment. Because the Court has already denied CBP's summary judgment motion, Plaintiff's requests to amend the record with respect to the papers he filed in opposition to that motion are unnecessary. Accordingly, the Court will deny this motion as moot.

Finally, Plaintiff has filed a motion requesting a jury trial. Sovereign immunity precludes a jury trial on claims against the federal government unless Congress has clearly waived that immunity and expressly granted a right to a jury trial. *See Haynie v. Veneman*, 272 F. Supp. 2d 10, 20 (D.D.C. 2003) (citing *Lehman v. Nakshian*, 453 U.S. 156, 164-65 (1981)). The only remedy provided under FOIA is injunctive relief, either enjoining the agency from withholding documents

---

[4] It is not entirely clear what relief Plaintiff seeks with respect to this part of his motion, but it appears that the letter he refers to was received by the Court and is located on the docket as item number 18.

or compelling the disclosure of agency records. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *see also* 5 U.S.C. § 552(a)(4)(B). Since FOIA does not contain any provision for a jury trial, Plaintiff's motion must be denied.

### III. CONCLUSION

For the foregoing reasons, all of Plaintiff's pending motions (Docket numbers 31, 32, 33, and 38) will be denied. A memorializing order accompanies this Memorandum Opinion.


DATE: May 21, 2007                                              /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge