United States District Court
for The District of Columbia

RECEIVED
JUN 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Shanell James,
    Plaintiff

against

Civil Action No.
06-0562

U.S. Customs and Border Protection,
    Defendant

---

Plaintiff's Response to Honorable
Court's Memorandum Opinion

  Plaintiff/Pro Se litigant Shanell James of the above Civil Action No. 06-0562, humbly submitt this response to this Honorable Court, so that it might clear up any misleading position the Court might have interpeted as Plaintiff's claim's for relief.

1) First and foremost the Plaintiff would like to apologized to this Honorable Court, and to the Defendant for seeking "Mandamus Relief and Default Judgement" which this Honorable Court believes doesn't apply to current petitions for relief. Plaintiff would again like to remind this Honorable Court that he is economically challenged, and has no community support.

He is also not qualified, nor has enough knowledge to know the proper relief (legally) to request. As this Honorable Court can see he has sought relief which is not practical in this case. This is why he has petitioned in the past for a legal qualified attorney to be appointed.

2) Although this Honorable Court believes that the "Defendant has been far from un-responsive during the course of this litigation". The Plaintiff begs to differ as he will prove that the Defendant has not provided the sought information/record. Plaintiff would also like to direct this Court's attention to the various submitted letters (FOIA request) detailing the specific information sought. (Which is the "Lab Analysis Report" prepared by CBP's Special Agent Chinell Medina, then referred to Drug Enforcement Administration's Southeast Laboratory to be analyzed (seizure) results. Plaintiff would like this Court to know that he has not been given the sought record, and he has provided an adequate descriptive details for easy retrieval. In addition, Plaintiff will continue to show collaborative evidence supporting the facts of Defendant's denial of information.

3) Although Plaintiff chose the wrong grounds to seeks relief, he does believe that he has meet the "Heavy Burden" mentioned as a requirement. However, the Plaintiff does believe it's his presentation of the submitted evidence thats confusing, or not presented in an appropriate way to understand Plaintiff's claims, and the warranted relief before this Honorable Court. Elaborating on this theory, Plaintiff is now further frustrated by his inadvertence to confuse this Honorable Court. It is only his deep conviction mixed with his limited knowledge of the law, that keeps him to seek claims of relief for the denial, and the continued skewed deprivation associated by the Defendants actions.

4) What Plaintiff is trying to express is that if he had the soughted "Lab Analysis" Report he could have/can seek the post conviction remedy in his Federal Criminal Case 03-20452-UUB. Plaintiff can also prove that the Defendant has created various falsehoods regarding the soughted FOIA material. He also believes that the Defendant's position in not providing the information shows

liability, and that he should be compensated for such denial of Information, and the continual deprivation it has caused the Plaintiff.

5) The submitted motion requesting release of all records from U.S. Attorney's Office (Miami), and the Federal Public Defender's Office, regarding Federal criminal case No. 03-20452. Plaintiff did seek the information via FOIA from the Executive Office of U.S. Attorney's. Who is the primary office in charge of the Miami Subsidiary. Plaintiff request was denied, he then sought the required administrative remedy. Which was an appeal to the Co-Director of Office of Information and Privacy. Regarding the Federal Public Defender, Plaintiff submitted a motion during his pretrial process that stated that the "Evidence be Preserved" with respect to the allege seizure. Plaintiff submitt this document as evidence to show that it is this evidence that the soughte FOIA material is based on. So if the Defendant claims that such "Lab report" doesn't exist. The allege seizure should still be preserved to provide the requested analysis of its contents. It was believed

that since this Honorable Court denied the Defendant's Motion for Summary Judgement he could seek discovery of this material to provide collaborative support to his claims. Plaintiff now believes that this Honorable Court has misconstrued his intentions.

In conclusion, Plaintiff respectfully hopes this provides an explaination to the dilemma of exactly what the Plaintiff seek and the reason why. It is also Plaintiff hopes that this Honorable Court has recieved his prior letter seeking 30 day extension, for he doesn't have the necessary legal paperwork associated with the above Civil Action and the notes use in it's Research. Plaintiff has sought a court order confirming the active litigantion, and for the retreival of Plaintiff's legal property. Thank you for your time and consideration in this matter.

Date: May 29, 2007

Gratefully Submitted,
Shanell James.