UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHANELL JAMES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-562 (RMC) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On February 23, 2007, the Court denied Defendant's motion for summary judgment without prejudice. On August 14, 2007, Defendant filed a renewed motion for summary judgment. Plaintiff Shanell James, who is proceeding *pro se*, is advised of the following.

If Plaintiff fails to respond to this motion, the Court may assume that the motion is conceded and may grant the motion and dismiss the case. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Because Defendant has filed a motion for summary judgment, Plaintiff is also advised that the Court will accept as true "any factual assertions in the [Defendant's] affidavits" unless Plaintiff "submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Rule 56(e) of the Federal Rules of Civil Procedure provides specifically that

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all

> papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgement, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties such as Plaintiff, against whom a motion for summary judgment has been filed, must rebut the moving party's affidavits with other affidavits or sworn statements. Simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, however, a verified complaint will serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

Accordingly, it is hereby

**ORDERED** that Plaintiff shall respond to Defendant's renewed motion for summary judgment by **September 15, 2007**. If Plaintiff does not respond by that date, the Court may treat the motion as conceded and enter judgment in favor of Defendant.

**SO ORDERED.**

Date: August 15, 2007                                    /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge