for The District of Columbia

Shanell James,
           Plaintiff

against

Civil Action No
06-0562 (RMC)

~~U.S. Department of Homeland Security's, subsidiary~~
U.S. Customs and Border Protection (CBP),
                              Defendant

**RECEIVED**

SEP 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Motion In Opposition to Defendant's
2nd Motion for Summary Judgement

Now comes, Plaintiff Shanell James, who opposes Defendant's renewed "Motion for Summary Judgement" pursuant to Rule 56, Federal Rules of Civil Procedures. Plaintiff asserts that there is material facts in dispute in this action under Freedom of Information Act (FOIA), and Privacy Act (PA), Title 5, United States Code, Section 552 & 552(a), and Defendant's motion should be denied as a matter of law. For the Plaintiff will show in this motion, Affidavit, and Memorandum of Points that there is genuine issues.

Defendant should take notice that the factual assertions contained in the affidavit contain herewith, and ~~other attached material Support Plaintiff's motion.~~ This may be accepted by the Court, for the attached affidavit, and other supporting documentary evidence which is contrary to Defendant's motion. This is provide in detail. (See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 992), also Local Rule 7(h), and Federal Rules of Civil Procedure Rule 56(e), provides; that "Opposing affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

Motion In Opposition                    (1)

composed of... ...of the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court my permit affidavit to be supplemented or opposed by depositions, answers to interrogatories, or futher affidavits. When a motion for summary judgement is made and supported as provided in this rule, an adverse party, may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

In conclusion Plaintiff will show that there are genuine issues for this Honorable Court to decide. and the attached documents submitted therewith will support Plaintiff's opposition.

Date: 9/1/07

Respectfully and Humbly Submitted,

Shanell James

Shanell James, Plaintiff / Pro Se
Reg No. 69829-004
Metropolitan Detention Center - Brooklyn.
80-29th Street, Unit K-83
Brooklyn, New York 11232

Motion In Opposition                    (2)

Certificate of Service

I Shanell James, Claimant, certify that a copy of the following was sent to Respondent at the address listed below.

1) Affidavit of Shanell James

2) Motion In Opposition to Defendant's 2nd Motion for Summary Judgement

3) Statement in Support of Genuine Issue w/ Memorandum of Law

4) Attached Records in Support

The above was sent to Defendant at:

Heather Graham-Oliver
Assistant U.S. Attorney
U.S. Department of Justice
555 Fourth Street
Washington, DC 20001

This was mailed at MDC-Brooklyn's mailroom on 9/1/07 with firstclass, postage prepaid and affixed. In addition, it was certified under No. 0306 3030 0000 5445 0892
Delivery Confirmation

Shanell James
Shanell James
Claimant

United States District Court
for The District of Columbia

Shanell James
                    Plaintiff

                                        Civil Action No.
against                                 06-0562 (RMC)

U.S. Department of Homeland Security (DHS)'s, subsidiary;
U.S. Customs and Border Protection (CBP),
                                        Defendant(s)

---

County of Kings
                        ss:
State of New York

## Affidavit of Shanell James
In Support of Plaintiff's Opposition to
Defendant's Motion of Summary Judgement

1) On February 22, 2005 I Shanell James submitted a request pursuant to Title 5 United States Code, Section 552 and 552(a) Freedom of Information/Privacy Act." (FOIA/PA) directly to U.S. Customs and Border Protection and the Drug Enforcement Administration (DEA). I sought "Lab Analysis" report generate prepared, and then referred by CBP to DEA's Southeast laboratory in regards to Indictment No. 03-2712-O'Sullivan or Criminal Case No. 03-20452-Ungaro-Benages. I also requested any additional records prepared by CBP in reference to Criminal Case. I provided in request arrestive Special Agent Chinell Medina, of Immigration & Customs-Enforcement (I.C.E) name as source who created document sought.

2) On March 1, 2005, I recieved a letter from DEA who responded to my request for "Lab Analysis" report, which explained that it could not find records responsive

Affidavit                           (1)

to my request. I also expressed the process of appeal pursuant to 28 Code of Federal Regulation, 16.9., to be filed to Co-Director, Office of Information and Privacy, FLAG building, Suite 570, Washington, DC 20530.

3) On March 8, 2005 I filed an appeal to Office of Information and Privacy. To appeal the finding of DEA's response to my request. In addition, this appeal also appealed findings of the Executive Office of U.S. Attorney (EOUSA), and the Federal Bureau of Investigation (FBI).

4) A few days after, I recieved a letter dated March 14, 2005 from CBP. It explained that I submitted my request to the wrong office. In addition, it forwarded my request to the right office at U.S. customs and Border Protection, Freedom of Information Act/Customer Satisfaction Unit, 1300 Pennsylvania Avenue, N.W. Room 5.5 C, Washington, DC 20229 attn: Michelle Woodley In addition, the letter stated that I take "note that all FOIA request concerning enforcement actions taken by Customs or, Immigration officers should be directed to CBP office that maintains the records sought, if known, or to the office nearest your geographic location.

5) On March 24, 2005 I recieved a letter from CBP acknowledging reciept of my FOIA request. Enclosed with this letter was a "Request for Records" form, and file number 2005F1582. Not later than a day, I completed, and mailed the "Request for Records" form back to CBP. I recieved no response.

6) Also on March 24, 2005, I recieved letters from Office of Information & Privacy acknowledging the reciept of appeal to the responses of EOUSA, FBI,

APPENDIX                    (2)

7) On May 25, 2005, I submitted a letter inquiring about the status of request. Because I had not recieved any notice of reciept of the "Request for Records" form. I requested letter or any notice confirming that above mentioned form was recieved by agency. I also explained that my inquiry as to the reciept status of the returned "Request for Records" form, and that I didn't mean to have the requests submitted before mine neglected. I only wanted confirmation that the form was recieved. Finally, I advised in the conclusion of letter that if CBP needed additional information to contact me. I then mailed letter. I recieved no response.

8) On June 6, 2005, I recieved a letter from Office of Information and Privacy, in regards to DEA's response to which I appealed. It affirmed the DEA's action, and determined that no records responsive to my request could be located. This letter also advised me to submit a request to CBP (if I didn't already do so) and ICE. It concluded by listing the address of both agencies respectively. It also mentioned appeal according to judicial review 5 U.S.C. § 552 (a)(4)(b)

9) On August 8, 2005, I recieved another letter from Office of Information and Privacy, in regards to FBI's response to which I appealed. It affirm the FBI's action, and determined that it's response was correct. It also mentioned judicial review if dissatisfied with it's decision.

10) On August 20, 2005, I submitted letter to CBP's FOIA/Customer Satisfaction Unit. This letter ex-

Affidavit                    (3)

plained about. I was inquiring the status of my last two letters of correspondence to CBP. It detailed the correspondences and listed information to help retrieve the soughted "Lab Analysis" report. Specifically I listed arrest date; 5/28, 2003, arresting agency/agent; Immigration & Customs Enforcement's Special Agent Chinell Medina Criminal Case No. 03-20452, U.S. District Court for the Southern District of Flordia (Miami), presiding under the Honorable District Judge Ursula Ungaro-Benages. Additionally, I also disclosed the Seizure No. 2003520600070201, which referred Seizure from the custody of CBP to the DEA's Southeast Laboratory. Furthermore, I again requested to know the status of the "Request for Records" form, and if it was ever received. I then asked for a update regarding my FOIA request. Again I mentioned that it was not my intention to have the requests submitted before mine neglected. I also expressed my knowledge in knowing the heavy backlog of request. I enclose photo copies of my previous submitted letters of inquiry. It was then notarized, and mailed via U.S. Postal Service Certified/Register No. 7002 0510 0002 3480 4930. Also a copy of this correspondence was mailed to (I.C.E address) Director Freedom of Information Act/Privacy Act Program 425 Eye Street, N.W, Ullico Building, Washington, DC 20536

1) On March 24, 2006, One year to the day since I received any correspondence regarding the status of FOIA request. I filed complaint to U.S District Court for the District of Columbia seeking judicial review in regards to the denial of the requested information pursuant to 5 U.S.C. § 552 (a)(4)(B).

2) On June 30, 2006 CBP's Dorothy Pullo responded to to request, and expressed that only two document records could be located from CBP's database. These documents were enclosed. However, none of the documents were the soughted/requested "Lab Analysis" Report.

Affidavit
(11)

In addition, this letter was not recieved until some time in Mid July, due to transfer from FCI-Otisville (N.Y.) to FCI-Fort Dix (N.J.). see Dkt# 14

13) In August/2006, I submitted a grievence letter to Thomas McLaughlin, Assistant Inspector General Investigations Division, Office of Inspector General, and H. Marshall Jarrett, Counsel, Office of Professional Responsibility. This letter explained my issues and requested investergation. I also, requested any records recovered by Offices. A copy of letter was also sent to this Honorable Court.

14) In September/2006 I recieved CBP Answers to my filed complaint dated August 24, 2006. In this response CBP summaried that I "failed to state a claim upon which relief may be granted. The Court lack subject matter jurisdiction." It also declared that I "failed to exhaust administrative remedies." It last defense (fourth) it stated that (CBP) "defendant admits, denies, or otherwise avers as follows," This was where CBP made admissions regarding the claims made, respective to most paragraphs of complaint. Also, enclosed was a proposed Briefing Schedule.

15) On September 8, 2006, CBP sent me it's "Motion for Summary Judgement", with attached "Statement of Material Facts as to which there is no Genuine Issue", "Memorandum of Points and Authorities in Support of Motion for Summary Judgement", and "Declaration of Dorothy Pullo".

6) I read the "Declaration of Dorothy Pullo", who is Supervisory Program Analyst of Treasury Enforcement Communications System (TECS) and Freedom of Information Act (FOIA) Customer Satisfaction Unit, Office of Field Operations, U.S. Customs and Border Protection. Ms. Pullo

(5)

Stated what was the capacity of her in her official capacity and her review of the records systems kept. She further explained that she was familiar with the factual allegations of my filed complaint. In additional, Pullo stated that a letter from her office was sent to me dated March 24, 2005. She admitted to also sending a "Request for Record" form, and that no action was taken because the form was not returned. MS Pullo declared that herself and members of her staff conducted a review of systems that maintain records of F O I A requests by general public, or referred by other government agencies. This was conducted on or about June 23, 2006, to which it revealed my submitted May 25, 2005, and August 20, 2005 inquiry letters of status of request.

7) Paragraph 3, described the Adequacy of Search by her and other staff members. MS Pullo declared that she conducted/executed, independent and thorough Search. Furthermore, throughout her the rest of her Declaration it explained exemptions applied to the two document revealed as a result of Search.

8) On October 18, 2006, I filed my Opposition to CBP's "Motion for Summary Judgement". I believed the search was inadequate. Due to my layman understanding of how to present my issues, I believed I confused the Honorable court regarding the denial of request of FOIA soughted materials, and/or the issues concerning CBP denial of FOIA request.

9) On February 23, 2007, The Honorable Court ruled, and denied CBP's "Motion for Summary Judgement". District Court Judge Rosemary M. Collyer explained in Memorandum Opinion & Order, citing that CBP search was inadequate, that CBP "shouldn't have limited it's search to only one record system if there are others that are likely to

(9)

20) In early April/2007, I recieved a letter from Immigration & Customs Enforcement's Gloria Marshall, Chief Information Disclosure Unit, Mission Support Division, Office of Investigation, who explained that CBP had forwarded my FOIA request dated February 22, 2005 to I.C.E. The second sentence "Please excuse our tardines in responding to your request". It further declared that it located twelve pages of records responsive to my request, and determined that they will be released to you with deletions pursuant to exemption (b)(2), and (b)(7)(C) of the FOIA. This correspondence did not have the requested " "Lab Analysis" report it prepared.

21) On April 20, 2007, I was transfered from Federal Correctional Institution-McKean, Bradford, Pennsylvania, via writ issued by the U.S. District Court for the Eastern District of New York. Which committed me to the custody of U.S. Marshals at the Metropolitan Detention Center-Brooklyn (N.Y.). Before being transfered I request that my legal property be sent along with me. This was to E. Ruiz, Inmate Systems Officer, FCI McKean. He refused. (see "Motion for Writ of Mandamu and "Motion for Extension of Time to file Opposition to Defendant's Motion for Summary Judgement."

22) In mid May/2007, I wrote the Honorable Court explaining my committance to MDC-Brooklyn, and requested court order to obtain my legal property. I also asked for an extension to filed motion for proposed briefing schedule (June 4, 2007).

23) In mid July, I recieved a fifty-five page release of information/records from CBP. Some of these documents are directly related to the

requested "Lab Analysis" Report that bears the
U.S. Customs Service as the referring agency, which
was not disclosed with this release of documents.
this release of documents was originally sent to
prior Federal Correctional Institution at Fort Dix (N.J.)
which was my former housing facility, this
was originally dated June 28, 2007.

24) On August 21 2007, I filed a "Motion for extension"
of time", to Honorable Court. My Opposition to CBP Renewed
"Motion of Summary Judgement" was due September 15, 2007.
I also filed a "Writ of Mandamus", to obtain a Court
Order to have my legal property provided by Bureau of
Prisons Officials. This was in an effort to prepare my
Opposition to CBP assertion that I didn't have any
genuine issues or claims. The "Writ of Mandamus" motion
was mailed a few days later, along with another
copy of "Motion for Extension of Time.... It was also
sent to CBP's counsel: Heather Graham-Oliver, Assistant
U.S. Attorney, Judiciary Center Bilding-Civil Division, 555 4th
street, N.W., Room 44808, Washington, DC 20530. This was
mailed via U.S. Postal Service Delivery Confirmation NO.
0306 3030 0000 5445 0854, prepaid postage affixed to.

25) Also on this day I recieved CBP's Renewed
Motion for Summary Judgement", along with another Declar-
ition of Dorothy Pullo."

26) All of the aforemention are based on Summary of
facts in Association with my submitted FOIA/PA
request to CBP. To date I've not recieved the
sought/ed/request "Lab Analysis" report, as requested in first
FOIA/PA request letter dated February 22, 2005.

27) I assert that all statements contained herein are true
and correct based on my recollection of the events,

Affidavit                    (8)

Wherefore, I, Shanell James, Plaintiff in Civil
Action No 06-0562-RMC, submitt this affidavit to support
Plaintiff's Opposition to Defendant's "Motion for Summary Judg-
ement"

Date:

Respectfully Submitted,

Shanell James, Pro Se
Reg No. 69829-004
Metropolitan Detention Center - Brooklyn
80-29th Street
Brooklyn, New York 11232
Unit K-83

## Acknowledgement

Subscribed to and sworn before me this 3o day
of ___August___, A.D. 2007 ___2007___ Seal:

Shawn Garcia Case Manager
Authorized by the Act of July 7, 1955
to Administer Oaths 18 USC 4004

MDC Brooklyn NY (BOP)
August 8o, 2007

Affidavit                              (9)

United States District Court
for The District of Columbia

Shanell James,
        Plaintiff

                                        Civil Action No
                                        06-0562 (RMC)

        against

U.S. Department of Homeland Security (DHS)'s, subsidiary;
U.S. Customs and Border Protection(CBP),
                        Defendant(s)

Statement In Support
of Genuine Issues
of Facts
w/ Memorandum of Law

Pursuant to Local Rule 7(h), the Plaintiff hereby sub-
mits the following facts as to which there is genuine
issues in dispute:

1) On February 22, 2005, Plaintiff filed Freedom of Information
request directly to CBP. This was in an effort to obtain
"Lab Analysis" report prepared by Special Agent Chinell
Medina (Immigration & Customs Enforcement) in federal
Criminal Case No. 03-20452-UUB, under Indictment No.
03-2712-O'Sullivan, Incident No. 2003 SA00074130 l (also
Seizure No.) FP&F No. 2003520600702-01, Investigative NO.
MI 13 HEO 3 MI0294. The allege illegal (controlled substance
seizure was documented under "Custody Receipt for
Seized Property and Evidence" No 2296661, Lab # 136387.

2) The direct submittance of request was actually
advised by the U.S. Department of Justice's Justice
Management Division, FOIA/PA referral/Action Unit. The
Plaintiff originally submitted FOIA request to this
office, and then it was referred to the respective
DOJ component(s) (agency(s)) based on the descriptive

information provided. Date of original request was November 10, 2004. (See Civil Action Case. 06-0562 RM record document 25-2, filed 10/18/2006 Page 2 of 21, attached

3) Because U.S. Customs and Border Protection is outside of the Department of Justice. The Justice Management Division-FOIA/PA Unit advised that I submit request to Bureau of Customs & Border Protectic for CBP is under the authority of Department of Homeland Security. (See Case record document 25-2, filed 10/18/2006, pages 3 of 21, and 4 of 21, attached)

4) Although the February 22, 2005 request didn't succulently described the "Lab Analysis" report as listed with the aforementioned identifying numbers. It did list: date of arrest 5/28/03, arresting agency I.C.E, and federal Criminal Case No. 03-20452-CR. Plaintiff conced that his initial request was vague. With an experience person as Ms. Dorothy Dullo, with 26 years with the U.S. Customs Service it shouldn't have been a problem in discovering this document. In addition, CBP didn't request any additional information in helping to provide "clues" for Search and retrieval.

5) However, due to the failed response inquiring about the status of submitted request. On 8/20/05 Plaintiff documented enough information that would have assisted in Search and retrieval. The listed "reasonable description" of requested records were sufficient for a professional employee of agency who was familiar with subject area of request to locate records with reasonable amount of effort See Marks v. U.S. (DOJ) (1978, C A 9 Cal), 578 F 2d 261 Also (see Plaintiff letter attached, dated 8/20/05, Case record document 1 filed 3/24/06, page 17 of 18, 18 of 18

Statement                                    (2)

6) Plaintiff believes CBP failed when Dorothy Pull failed to locate record, after it was sufficiently described. In addition, Ms. Pullo now declares that CBP doesn't maintain the "Lab Analysis" report, and Immigration & Customs Enforcement maintain the record. However, the "Lab Analysis" report submitted herewith documents referring agency in field/Box No. 6a as "U.S. Customs Service". This document was originally disclosed under "discovery phase" in Criminal Case -03-20452, and was obtained by Plaintiff's counsel Kenneth J. Kukec, and disclosed under discovery page No. 26. This form was uncompleted as far as the Analysis (Laboratory Report) portion. For this area of form was to be filled out by the Drug Enforcement Administration's Southeast Laboratory's analyzing chemist to Lab # 136387. (See attached "Lab Analysis" report)

7) Plaintiff believes that this document "constitutes record" as "agency's record" as cited in Giba-Geigy Corp v. Matthews (1977 S D N Y) 428 F. Supp 523, 2 Media L R 1673.

8) The criteria for determining status of Material is not physical possession of record by agency (gov' or the showing of need or public interest. The status of document in agency depends on circumstances attending document's generation, nature of information and the relationship of agency to documents and other parties involved. (See Ryan v DOJ (1979 DC Dist Col) 474 F. Supp 735.) Plaintiff therefore believes because this record (Lab Analysis Report) was generated by U.S. Customs Service and referred to DEA to analyzed seizure No. 2003 5206007 0201 under Lab # 136387. Also this record was related to various other documents released by CBP in June/2007. Specifically, "Custody Receipt for Seized Property and Evidence" NO.

Statement                              (3)

2296661, No. 35387. This records shows the chain of custody of allege seizure, and was prepared by CBP Supervisory Inspector J. Kirk, badge No. 35388. In addition, another "Custody Receipt for Retained or Seized Property No. 1981515 also relates to soughted document (Lab report). For this form shows that the alleged seizure was returned from DEA's Southeast Regional Laboratory under Bag/seal No. 077572. It also reference custody receipt No. 2296661 in feild/Box No. 18. (see attached documents enclosed)

9) The Defendant's assert through Dorothy Pullo that CBP doesn't maintain the soughted record, but Immigration & Customs Enforcement (ICE) is the custodian of record". See paragraph 11 of Declaration of Dorothy Pullo". Ms Pullo, stated that because Plaintiff was initially stopped by CBP, a search was condcted in the Treasury Enforcement Communication System (TECS) for any and all records. It's also stated TECS is the centralized database through which CBP Officer access various law enforcement agencies information, as well as information regarding violations of customs, immigration, and agriculture laws, and regulations of the United States. Therefore, it's believed that the soughted record, if it couldn't have been found in TECS database the released document 55 pages did provide enough information to have produce the requested "Lab Analysis" Report.

10) Furthermore, Plaintiff provided arresting agent name Chinell Medina, who could have provided information that would have lead to the sought after record. Also, there was a failure by Dorothy Pullo who neglected to declare in her earlier Declaration in 1st Motion for Summary Judgement" (Defendant) that

Statement                                    (w)

his FOIA request was referred to ICE. However now Ms. Pullo asserts that request was referred to ICE on July 27, 2005. (See paragraph 11 of Declaration of Dorothy Pullo)

11) In addition, Since ICE and CBP share the Same database, CBP should have uncovered the record. Instead CBP had chose to ignore the Plaintiff's two inquiry(s) requesting the status of his filed FOIA request. This period of time was a year to the day in which plaintiff Sought the judicial review of this Honorable Court. (March 24, 2005 thru March 24, 2006). It's a "violation of Freedom of Information Act 5 USCS, 552 to withold from public means for requesting identifiable records when those means are exclusively within the contro of agency possessing Sought after records. Wellford v. Hardin (1970 Dist Coll 315 F. Supp 768.

12) The denial of this request is contrary to what Congress wanted to establish. "Type of docume Congress was Seeking to include in public disclosure provisions of Freedom of Information Act (5 USC 3552 were primarily those which dealt with structure, operation, and decision-making procedure of various governmental agencies. SDC Development Corp. V. Matthe (1976, CA9 Call 542 F2d 116.

13) Plaintiff asserts that his constitutional right to document "trumps" the various exemptions of Defendant, to which they have chose to use in support of the release documents. Plaintiff also believes that the Soughted "Lab Analysis" Report is also relevent to the techniques and procedure for the investigation, and/or prosecution of Plaintiff in Indictment No. 03-2712 - O'Sullivan, and conviction 03-20452 - Unguro-Benages).

14) Although a secrecy of information for the records sought should have no bearing on search. Plaintiff demostrates that he theorizes that the "Lab Analysis" report results were alter/fabricated in his case. Thus, this affected the Criminal Complain Indictment, and Conviction. If the original results were disclosed Plaintiff wouldn't have been indicted thus convicted. The relevency of a valid indictment envokes protection to an accused from false statement For the charging instrument (indictment) should be supported by a precise characteristic of crime, and all the elements necessary to constitute the offense intended to be punished" (see Hamling v. United States 418 U.S. 87, 117, 94 S.Ct 2887, 2907, 41 LEd 2d 590 (1974).

15) In Plaintiff situation if the "Lab Analysis" report is not released to could possibly be prejudical to him. Furthermore, the denial of it's release is a direct prejudice to the public at large. For the public interest is envoked in Criminal mattes. Also the basic purpose of the "Freedom of Information Act" is to open agency action to the light of public scrutiny" Id at 1481 (quoting Department of the Air Force 425 US. 352, 372 96 S.Ct 1592, 1604, 48 L. Ed 2d 11 (1976) Therefore the ~~gravamen~~ of the Criminal Complaint is significant with respect to the "Lab Analysis" report. For this aspect of the Complaint is skewed to Indictment. If the "Lab Analysis" results are false, everything subsequent is in error.

6) Therefore there is not only Plaintiff's right constitutionally. to have a sound charging document, but also there is a countervailing public interest in knowing how the U.S. customs and Border Protectio or Immigration & Customs Enforcement conducted it's

investe... Plaintiff Criminal Case from Complaint, Indictment, and conviction, along with any other information relied upon as in the aformentioned phase(s) of Plaintiff's case.

17) The Defendant(s) have made exemptions with respect to a possible unwarranted invasion of personal privacy. However, Plaintiff did request in his request under FOIA that "if portions of a document are exemp! from release, the remainder must be segregated and disclosed. (see Plaintiff's FOIA requset, 3rd paragraph, 2/22/05)

18) The Plaintiff typed this in his request as in expectation of Defendant's possibly use of exemption as "invasion of personal privacy" However, the CBP, has not shown valid explaination for the use of privacy exemption, or that the statue lanague word for word. In determining whether release of law enforcement records could reasonably be expected to constitute unwarranted invasion of personal privacy, balancing test is used which weighs privacy interest which would be infringed against public interest in disclosure, but rather by right of public to obtain same information. Jon Berg (DOE/OHA, 7/22/92 Case No. LFA 0214.

9) One possible use of privacy exemption is the balancing test in determining whether document is priviledge from disclosure under "investigatory records compiled for law enforcement purpose" exemption of 5 USC court must balance indivisual's right of privacy against public's right to government information applying "investigatory records compiled for law enforcement purposes" exemption ~ calls for balancing test similar to that applied to "personel medical, and similar files" exemption provides greater protection for privacy interest. Alivez, v. NLRB (1982, CA10)

(5)

676    Fed. 1:06-cv-00582-RMC    BNA LRRM 2267, 8 Media LR
1517, 93 CCH LC ¶ 13441.

20) Therefore Plaintiff asserts that his Constitution-
al right to a fair indictment, along with the
right of public interest to know the disclosure
of techiniques and procedures for investergation or
prosecution. In Wilkinson v. FBI (1986, CO cal) 633 F Supp
336. "Plaintiff's suspected communist organization and it
members, allege that FBI used illegal techniques in it
investergation of organization, and disrupted plaintiffs
exercise of first amendent right, Exemption 7(E) of
Freedom of Information Act may not be used by
government to withhold information regarding in-
vestigative techniques that are illegal or of quest-
ionable legality." Plaintiff believes that his and
public interest is the greater weight in release of
information, and not the exemption cited by CBP.

21) The adequacy of Defendant's Search for the
requested records is not adequate because, Plaintiff
specifically requested the "Lab Analysis" report, and
to date the Defendant's have not provided it. Even
thought Several released documents make reference to
it existance. The provided un completed "Lab Analysis"
report submitted herewith show and prove that
CBP created the document, that it now claims it
doesn't have.

Therefore, the Defendant is not entitled to
Summary Judgement, and Plaintiff has clearly
Shown that there are genuine issues to be
decided by this Honorable Court, The Defendant
has denial Plaintiff's request for information pursuant
to Title 5, United States Code, Section 552 & 552(a). they were
given time to remedy Situation, and have not done
so.

Statement                    (8)

"Plaintiff Subpart Statement, in Opposition of Defendant's Motion for Summary Judgement", For the issues stated are genuin

Date: 9/1/07

True and Correct,
Shanell James

Shanell James, Pro Se
Register No. 69829-004
Metropolitan Detention Center - Brooklyn
80-29th Street
Brooklyn, New York 11232
Unit K-83

Statement