IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANELL JAMES )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY )<br>)<br>)<br>Defendant. ) | Civil Action No. 06-0562 (RMC) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR A WRIT OF MANDAMUS**

Defendant United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP") by and through counsel, hereby oppose Plaintiff's Motion for A Writ of Mandamus ("Mandamus Relief ") in the above-captioned case. Plaintiff raises no legally sufficient basis for the court to grant mandamus relief sought because he seeks relief from a non-party in this action and has not exhausted administrative remedies available to him.

Plaintiff alleges that, on April 20, 2007, he was moved from a Federal Correctional Institute in Bradford, Pennsylvania based upon a "Writ by the United States District Court for the Eastern District of New York." See Mandamus Relief, ¶ 2. Plaintiff's "legal property" was not in his possession during his relocation to New York and he filed a motion in the instant action to extend the time by which he needed to respond to Defendant's Renewed Motion For Summary Judgment. See Mandamus Relief, ¶¶ 3-4; see also Court's PACER Computerized

Docket ("R.") 46, 53, 55. Next, plaintiff filed this petition because the Bureau of Prisons'(BOP), which is not a party in this action, administrative remedy process is "lengthy." See Mandamus Relief, ¶5. In addition to filing a petition in this action, Plaintiff has filed the same mandamus action in the United States District Court for the Eastern District of New York. See James v. Federal Bureau of Prisons C.A. No. 07-3165 (CBA) (ED NY). On September 6, 2007, Plaintiff filed an Opposition to Defendant's Renewed Motion For Summary Judgment. R. 57.

Plaintiff's request for mandamus relief against Defendant should be denied on several grounds. First, the Federal Bureau of Prisons is not a defendant in this action. Second, even if BOP were a party defendant, plaintiff does not allege that he has exhausted his administrative remedies regarding the retrieval of his legal property. Thus, plaintiff cannot justify any exceptional circumstances for such an extraordinary relief as granting a writ. Third, plaintiff has sought the same relief in another jurisdiction which outcome is pending. Finally, this writ is moot, because on September 6, 2007, plaintiff responded to Defendant's Renewed Motion for Summary Judgment. Thus, he apparently obtained access to his legal property.

A writ of mandamus is an extraordinary remedy to be utilized only under exceptional circumstances. Chaplaincy of Full Gospel Churches v. Johnson, 276 F.Supp.2d 82, 83 (D.D.C.2003), citing Haneke v. Sec'y of Health, Educ. & Welfare, 535 F.2d 1291, 1296 (D.C.Cir.1976).

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See 28 USC § 1361. Mandamus relief is only available to compel an officer of the United States to perform a

duty if the petitioner shows that (1) he has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.  Swan v. Clinton, 100 F.3d 973, 977 n.1 (D.C.Cir.1996) (citations omitted); Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank, 251 F.Supp.2d 126, 131 (D.D.C.2003).  The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable."  In re Cheney, 406 F.3d 723, 729 (D.C.Cir.2005); Chaplaincy of Full Gospel Churches, 276 F.Supp.2d at 84.

Here, plaintiff seeks the Court to compel a non-party to the instant action to release his legal papers to him.  Even assuming that BOP were a party in this action, plaintiff cannot articulate any unfettered right to his legal papers.  The Bureau of Prisons has the authority to designate the place of confinement of federal prisoners, 18 USC § 3621(b) and this power is wholly discretionary.[1]  See Beltran v Smith, 458 US 1303, 1305 (1982) (discussing 18 USC § 4082(b)).  Thus, plaintiff's unfettered access to legal property is not a clear right.

Moreover, plaintiff claims that the administrative process of BOP was abandoned by him because it was too "lengthy."See Mandamus Relief at 2.  Thus, plaintiff admits that he has not utilized an adequate remedy available to him.

---

[1] The regulations for control and access to all correspondence by inmates are expressly stated in 28 CFR § 540.12.  It provides, in part:

> (a) The Warden shall establish and exercise controls to protect individuals, and the security, discipline, and good order of the institution. The size, complexity, and security level of the institution, the degree of sophistication of the inmates confined, and other variables require flexibility in correspondence procedures. All Wardens shall establish open general correspondence procedures.
> 28 C.F.R. § 540.12

Moreover, plaintiff cannot obtain mandamus relief in this case, because he has an another adequate remedy available to challenge the withholding of legal papers. Although he alleges that the administrative process is "lengthy" he has not claimed that he has fully utilized that remedy before seeking this writ. Therefore, plaintiff's writ should be dismissed. See, e.g. Jones v. Bock, ____U.S. ___, 127 S.Ct. 910, 912 (2007) (requiring exhaustion of the administrative process under the Prison Litigation Reform Act before an action may be brought in the District Court).

The Court may dismiss an action being prosecuted in forma pauperis that is "frivolous or malicious" See 28 U.S.C. 1915(d).[2] A prisoner's in forma pauperis action is "malicious," and therefore subject to dismissal, where the complaint duplicates allegations of another pending lawsuit by that prisoner in another jurisdiction. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant action, plaintiff has been granted permission to proceed in forma pauperis. R. 4. He also currently has pending in the United States District Court for the District of Eastern District of New York an action against BOP seeking the same relief. See James v. Federal Bureau of Prisons C.A. No. 07-3165 (CBA) (ED NY). Therefore, the instant petition should be denied.

Finally to the extent that plaintiff sought this writ and several extensions of time in the instant action to respond to the Renewed Motion For Summary Judgment, he has apparently

---

[2] Pursuant to 28 U.S.C. 1915(d), **Proceedings in forma pauperis**:
(d) The Court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. 1915(d).

filed a response on September 6, 2007, so he was apparently able to access his legal property or it was not necessary to formulate a response.

    Wherefore, it is respectfully requested that the Court deny the plaintiff's petition.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of September, 2007 a copy of the foregoing Reply was served by first class United States mail, postage prepaid, to:

SHANELL JAMES
R69829-004
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 7000
Westside Compound
Fort Dix, NJ 08640
US
PRO SE

                                              _____
                                              Heather Graham-Oliver
                                              Assistant United States Attorney