United States District Court
for The District of Columbia

Shanell James,
Plaintiff

against

Civil Action No.
06-0562 (RMC)

United States Department of
Homeland Security,
Defendant

RECEIVED
OCT 5 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Statement In Support of
Petition for Writ of Mandamus

Plaintiff Shanell James, Pro se litigant, here by submitt this statement to support his Petition for "Writ of Mandamus" to order the Bureau of Prisons, to provide Plaintiff legal materials that he was separated from during his transfer on "Writ" issued by the U.S. District Court for the Eastern District of New York. Plaintiff believes he has the legal basis for the Honorable Court to grant his petition. In addition, Plaintiff avers the following in support.

1) As supported in the record of Civil Action No. 06-0562 (RMC), Plaintiff advised this Honorable Court back in May/2007 that he was with out his need legal property when the Court ordered that he submitt a "motion of briefing schedule" by June 4, 2007. Because he was transfer via Writ, and not allowed to bring his legal material, Plaintiff wrote

this Honorable Court to seek an extension of time to submit his motion as ordered. It was also a belief that his legal materials would be provided for Plaintiff sought intervention (extensively) by Bureau of Prisons officials to contact his housing facility Federal Correctional Institution-McKean, in Bradford, Pennsylvania, and have the staff (Inmate Systems Officer E. Ruiz) located and send legal materials via U.S. Postal Service to Metropolitan Detention Center-Brooklyn where Plaintiff is confinded.

2) After numerous petitions to the Bureau of Prisons staff, informally, verbally, and via Administrative Remedy process. The requested property was not provided.

3) Accordingly, Plaintiff filed his petition for Writ of Mandamus relief for he was denied in his Administrative Remedy by the Regional Office (Northeast) of Bureau of Prisons. Plaintiff fear was that the time limit involved in the Administrative Remedy could possibly affect his pending litigation before this Honorable. Thus Hypothetically speaking, (if Plaintiff chose to further pursue his denied Administrative Remedy, and the Defendant submitted a motion or affidavit, the Plaintiff couldn't possibly effectively respond, for he doesn't have the legal materials, and/or his silence in regards to answering any assertion of: Defendant, could have inadvertently had Plaintiff's Civil Action No. 06-0562 (RMC) dismissed).

The Defendant are mistaken in its opinion that Plaintiff has "legal basis" for Mandamus Relief. Further in their opposing motion Defendant mentioned that Plaintiff has pending "Writ of Mandamus" petition in U.S. District Court for the Eastern District of New York. Plaintiff did file that action, for he was denied his Administrative Remedy, and needed to have his issue addressed so that he could have the needed legal property produced to continue in the litigation associated in Civil Action No. 06-0562. In addition, Plaintiff was not sure which of the Honorable Court(s) respectively has the proper authority/jurisidiction to hear his petition for "Writ of Mandamus", not knowing which Plaintiff filed in both Honorable Court(s). Plaintiff believes his right and burden has been demostrated for "Mandamus" Relief (see Motion for Writ of Mandamus" paragraph 4) for Plaintiff is clearly without remedy. However Plaintiff dismissed his petition for Mandamus relief in Civil Action No. 07-3165 (CBA) (ED NY).

4) On August 23, 2007, Plaintiff recieved a partial release of his legal property. Missing was several prepared motions to be submitted in Civil Action No. 06-0562. Specifically these motion are: "Interrogatories", "Motion to Amend Complaint (New Defendent(s))", and "Subpeona Duces Tecum", also missing are numerous Researched notes, cited case law, and etc. Plaintiff believes that these missing documents/materials have obstructed his right to effectively access the Courts. Furthermore, the Bureau of Prisons, are responsible for Plaintiff not receiving his legal propert, which is a contradiction to it own published.

rules, which Congress to Bureau of Prisons, as an Administrative Agency under The Administrative Procedure Act (5 USC, 551, et Seq.) is applicable to the Bureau of Prisons. Ramer v. Saxbe 522 F.2d 695 (D.C. Cir 19[illegible]) The provisions of 5 USC 301 is the congressional grant of authority to administrative agencies (including the Bureau of Prisons) to prescribe rules and regulations for the Government of a department within a government. The Bureau of Prisons has promulgated its rules and regulations in Title 28, Code of Federal Regulation wherein Part 543, "Inmate Legal Activities", Part 553 "Inmate Personal Property" 553.14(a)(1) Inmate transfer between institutions and inmate release; "Warden ordinarily shall allow an inmate transferring to another institution to transport to another institution personal items determined necessary or appropriate by staff and, if applicable, legal materials for active court cases."

5) Therefore, the Defendant is mistaken in it's opinion that Plaintiff has no right to these legal materials. In addition Plaintiff is a Pro Se litigant who does not have retained counsel.

6) Furthermore, it has be held that "Regulations must be consistent with law, and they may not be extented so as to alter, amend or defeat a law already enacted by the Congress, or to otherwise infringe upon a prohibition contained within the Constitution itself. Morrill v. Jones, 106 U.S. 466, 1 S.Ct 423, 27 L.Ed 267 (1882)

7) Thus, if the regulations of the Defendant found at 28 CFR 543 and 553 are construed by the Defendant to impermissibly curtail the Plaintiff's First Amendment right (freedom of speech), guarantee by First Amendment of Constitution of United States, they cannot stand. As the majority observed in Pell v. Procunier 417 U.S. 817, 94 S.Ct 2800, 41 L.Ed.2d 495 (1974), "a prison inmate retains those First Amendment rights that are not inconsistent with status as a prisoner or with the legitimate penological objectives of the corrections system." First Amendment rights "are protected not only against heavy-handed frontal assault, but also from being stifled by more subtle government interference." Bates v. Little Rock, 361 U.S. 516, 523, 80 S.Ct. 412, 416, L.Ed 2d 480 (1960). Furthermore in O'Connell v. Southworth, 442 F. Supp. 182 (D.C. R.I. 1976), the Court held that a violation of First Amendment rights is shown where prison officials engage in intimidation or harassment, including retaliation or deprivation of privileges, when prisoners exercise the right to petition the Government for redress of grievances. Lastly it has also been held that "Inmates do not forfeit all constitutional protections by reason of their conviction and confindement in prison." Bell v. Wolfish, 441 U.S. 520 (1979)

Wherefore, Plaintiff prays that this Honorable Court grant his petition for "Writ of Mandamus", and order that Bureau of Prisons officials at FCI McKean, and MDC-Brooklyn to locate and

provide Plaintiff's additional missing legal property so that he can effectively pursue his pending litigation in Civil Action No. 06-0562 (RMC). For Bureau of Prisons have a clear duty to provide this service.

Without Prejudice

Shanell James

Shanell James Pro Se
Metropolitan Detention Center-Brooklyn
80-29th Street
Brooklyn, New York 1232

Note: Please forward a photocopy to Defendant as copy machine is out of order. Thank you.

(End)