## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Shanell James,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 06-0562 (RMC) |
| v. | ) |
|  | ) |
| **U.S. Customs and Border Protection,** | ) |
|  | ) |
| Defendant. | ) |

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant U.S. Customs and Border Protection (CBP), by and through counsel, hereby replies to plaintiff's Opposition ("Opposition") to its renewed motion for summary judgment. Plaintiff has raised no legally sufficient challenge to the grounds for summary judgment or for dismissal of this action. Rather, plaintiff attempts to make the argument that CBP has failed to adequately search its records and find the "lab report" that he requested pursuant to the Freedom of Information Act (FOIA).

As stated in defendant's renewed motion for summary judgment, when responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). The established reasonableness standard by which FOIA searches are judged "does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." Miller v. United States

Dept. of State, 779 F.2d 1378, 1384-85 (8th Cir. 1985).

The search standards established under the FOIA do not require an agency to search every record system, but rather, the agency need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

This Court has held that "a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists." Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998) (explaining that plaintiff's "bare suspicion" will not call into question adequacy of agency's search). For example, of course, an agency's failure to respond to a FOIA request in a timely manner does not, by itself, justify denial of summary judgment. Moreover, summary judgment will not be defeated by unsupported claims that an agency is withholding information. Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 360 (D.D.C. Apr. 28, 1998) (finding summary judgment not defeated "with pure conjecture about the possible content of withheld information, raising 'some metaphysical doubt as to the material facts.'" (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In the instant case, plaintiff has an unreasonable suspicion that CBP has a "lab report,"

even though plaintiff himself produced what appears to be the "lab report" in the attachments to his Opposition. It is evident that the "lab report," which has been produced by the plaintiff originated from DEA. See Plaintiff's attachments. CBP does not prepare such reports and would not receive copies of such records. See Declaration of Dorothy Pullo at ¶ 10. Plaintiff has offered no competent evidence to contradict this fact.

Plaintiff's Opposition is insufficient to raise a material question of fact with respect to the adequacy of the agency's search. Oglesby, 920 F.2d 57 at 67 n.13. Nor is plaintiff's speculation that additional or different documents exist, sufficient to rebut the presumption of a reasonable search because "[i]t is the method of search that determines whether it was reasonable, rather than the results." Hightower v. FBI, No. 98-2817, slip op. at 7 (D.D.C. Mar. 20, 2000). Here, plaintiff generally challenges CBP's withholding of documents without demonstrating an inadequacy in the search. But, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).

Furthermore, the FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp.

1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendant has proved that it conducted an adequate search and that the responsive documents that were found were properly released. Moreover, defendant has adequately justified any withholdings related to investigatory or law enforcement related documents. Plaintiff's failure to address defendants' exemption assertions is a basis for dismissal. Even a pro se plaintiff will be found to have conceded the government's factual assertions if he fails to contest them, once it is clear that he understands his responsibility to do so.[1]

Wherefore, defendant U.S. Customs and Border Protection respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[1] See Davis v. CIA, No. 4: CV-99-838, slip op. at 4-5 (M.D. Pa. Nov. 18, 1999); Knight v. FDA, No. 95-4097, 1997 WL 109971, at 1 (D. Kan. Feb. 11, 1997); Nuzzo v. FBI, No. 95-cv-1708, 1996 U.S. Dist. LEXIS 15594, at 8-9 (D.D.C. Oct. 8, 1996); Butler v. Department of the Air Force, 888 F. Supp. 174, 178-79 (D.D.C. 1995), *aff'd per curiam*, No. 96-5111 (D.C. Cir. May 6, 1997); see also Hart v. FBI, No. 94 C 6010, *slip op.* at 4 (N.D. Ill. Apr. 6, 1995) (holding that "plaintiff has not asserted any facts which convince this Court that the FBI has any records which relate to him or has failed to conduct an adequate search"), *aff'd*, 1996 U.S. App. LEXIS 17684, at 8-9 (7th Cir. July 16, 1996).

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that the foregoing Reply was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

SHANELL JAMES
PRO SE
R69829-004
Metropolitan Detention Center - Brooklyn
80 - 29th Street
Brooklyn, New York 11232
Unit K - 83

on this 16th day of October 2007.

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney