United States District Court
For The District Of Columbia

| | |
|---|---|
| Shanell James,<br>　　　　Plaintiff<br><br>against<br><br>U.S. Customs and Border Protection,<br>　　　　　　　　　　　　　　Defendant | Civil Action No.<br>06-0562(RMC)<br><br>Supplmental/Amendment<br>pursuant to Rule 15,<br>(a)(c)(3)(d) FRCivPro |

(Supplmental)
Plaintiff's Opposition to
Defendant's Renewed Motion For
Summary Judgement

**RECEIVED**

DEC 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Now comes Plaintiff Shanell James, who moves this Honorable Court pursuant to Rule 15,(a)(c)(3)(d) of the Federal Rules of Civil Procedure to Amend his already submitted "Motion of Opposition to Defendant's Motion for Summary Judgement". Plaintiff now submit the following documents attached herewith;

Explanation Regarding The Relevancy of Submitted Documents

1) These documents support the Plaintiff's assertion that the Defendant(s) have denied Plaintiff's request pursuant to the F.O.I.A/P.A, Title 5, United States Code, Section 552 & 552(a). The requested record/Document totals one page, and is a "Lab Analysis" report prepared/generated by the Defendant in Indictment No.03-CR-2712-O'Sullivan, and Federal Criminal Case No.03-CR-20452-UUB. Which was used by the U.S. Atorney's Office for the Southern District of Florida(Miami).

2) Enclosed this Honorable Court will find variuos Documents that support the existance of the soughted report. Also Plaintiff hope that these documents show that Plaintiff has a greater right

-1-

to this Lab Analysis Report, that was used in the prosecution in his Criminal Case. Plaintiff asserts that he has sought this record to prove that he was convicted in possible error/intrisinc fraud and that the requested/soughted is "exculpatory", to which supports his innocence. Addiotioally, it is believed that the Defendant has continued to denied Plaintiff the record, and has chose to envoke exemptions that do not properly apply to the requested document.

    3) Plaintiff is submitting "Government's Response to the Standing Discovery Order", which supports the release of "laboratory analysis of the substance seized in connection with this case...". paragraph 6 of page2.

    4) Also in paragraph K(page 3) the Government declares that "The Government will, upon defence request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C.§ 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subjects of this indictment to allow independent chemical analysis of such sample". Paragraph N continued by expressing that "At trial, the government would seek to introduce expert testimony from a chemist to confirm that the substance is heroin, to provide the weight of the substance seized, and the purity of the drug. The government would also seek to introduce testimony as to the wholesale and retail value of the cocaine and the expert testimony that the amount is indicative of a distribution quantity".

    This records is a commitment by the government to prove beyond a "reasonable doubt" that the Plaintiff culpability regarding the seizure. However, there is a conflicting reference as to the exact illegal controlled substance seized. It's mention to be heroin then it's refered to be cocaine.

    5) The next document also supports that the government is also

conflicted about the identity of the substance.(See the enclosed "Jackson Memorial Hospital Employee Assignment Sheet" which at thhe top of record state that the seizure is"cocaine"

6) Next are direct records prepared by the Defendant in it's "Report of Investigation",which noted that"On 05/2903,line item 1 was recovered by S/A(Exmpt(s) b6,b7c,j2),and was turn over to the DEA Southeast Regional Lab for Complete anlaysis".pg(4). On pg(5) of the same contining "Report" the Defendant's list the possible witnessess as; Bureau of Customs and Border Protection,Director Passenger Processing,Miami International Airport,P.O. Box 997930, Miami,FL 33166;
Bureau of Immigrations and Customs Enforcement,Office of Investigations, 8075 NW 53rd Street,Miami Fl 33166;
Drug Enforcement Administrstion,DEA Chemist,DEA Southeast Regional Laboratory,5205 NW 84th Avenue,Miami FL 33166

7) Lastly,Plaintiff submits an in-completed "Lab Analysis" re- which was given to him by Attorney Kenneth J. Kukec.(See the enclosed letter,and a copy of the Laboratory Analysis report which is does not have the"Analysis Summary&Remarks" section 25, in which  the it does not have any  identity of the seizure or the name of the analyzing chemist.

Whreefore, In conclusion Plaintiff submits the aforementioned documents to support his"Motion for Opposition to Defendant's Re- newed Motion for Summary Judgement".to which Plaintiff believes that he is entitled to the relief sought,and that the Defendant's motion be denied as a matter of law.

Date: 12/16/07

Gratefully Submitted,

*Shanell James*

Shanell James, Pro-Se
Reg No.69829-004
MDC-BROKLYN
80-29th Street,(Unit K-83)
Brooklyn,NY 11232

-3-

Certificate of Service

I Shanell James, Plaintiff, certify that photo copies of the enclosed (Supplmental) "Plaintiff's Opposition to Defendant's Motion for Summary Judgement", and that it was mailed at the Metropolitan Detention Center-BROOKLYN's mailroom on 16th day of December month of 2007. With first-class postage, prepaid, and affixed. It was addressed to Defendant;

> Heather Graham-Oliver, (Counsel for Defendant)
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, NW - Civil Division
> Room 4-4808
> Washington, DC 20530

CC: U.S. District Court for the District of Columbia

333 Constitution Avenue
Washington, DC 20001
Attn: Clerk of District Court
Nancy Mayer-Whittington

True and Correct,

*Shanell James*
Shanell James
Plaintiff/Pro-Se Litigation

**U.S. Department of Justice**

United States Attorney
Southern District of Florida

*Major Crimes*

99 N.E. 4 Street
Miami, FL 33132
(305) 961-9006

June 18, 2003

<u>Via U.S. Mail</u>
Special Agent ▓▓▓▓▓▓▓ *b6, b7C, J2*
United States Customs Service
8075 N.W. 53rd Street
Miami, Florida 33166

    Re: <u>US v. James</u>, Case No. 03-20452-Cr-Ungaro-Benages

Dear Special Agent ▓▓▓▓▓▓ *b6, b7C, J2*

    Enclosed you will find a copy of the response to the Standing Discovery Order in the above-captioned case. Be advised that you, as well as all agents/officers involved in this case, must preserve all rough notes relating to the case.

    As soon as possible, please forward to me a list of all individuals who had any contact with the defendant (include their work and pager numbers).

    Please note that a discovery conference will soon be scheduled in this matter, to be held on the 6th floor of the U.S. Attorney's Office. You will need to bring everything seized in connection with the defendant's arrest, including the drugs, at that time.

    If you have any questions or if there is anything you need from me at this time, please do not hesitate to call me, at (305) 961-9304, or my assistant, ▓▓▓▓▓▓▓▓▓▓ *b6, J2, b7C*

                                      Very truly yours,

                                      MARCOS DANIEL JIMENEZ
                                      UNITED STATES ATTORNEY

                          By: _____
                                      Seth Eric Miles
                                      Assistant United States Attorney

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20452-CR-UNGARO-BENAGES
Magistrate Judge Brown

UNITED STATES OF AMERICA,

v.

SHANELL ANTOINE JAMES,

Defendant.
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is unaware of any written or recorded statements made by the defendant.

2.  That portion of the written record containing the substance of any oral statement made by a defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. Please note that this is a summary of the defendant's statements and not a verbatim account.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant is attached.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in

1

chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 600. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose, under separate cover, any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), if any such material exists.

D. The government will disclose, under separate cover, any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959), if any such material exists.

E. The government will disclose, under separate cover, any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial, if any such material exists.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). Any further disclosure of Rule 404(b) evidence, if any such evidence exists in this case, will be made under separate cover.

2

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     To date, the government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     At trial, the government would seek to introduce expert testimony from a chemist to confirm that the substance is heroin, to provide the weight of the substance seized, and the purity of the drug. The government would also seek to introduce testimony as to the wholesale and retail value of the cocaine and testimony that the amount of cocaine is indicative of a distribution quantity.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date: [see indictment]
Time: [see indictment]
Place: [see indictment]

The attachments to this response are numbered pages 0001-____. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
Seth Eric Miles
Assistant United States Attorney
Florida Bar No. 0385530
99 Northeast 4th Street, Suite 600
Miami, Florida 33132-2111
Tel: (305) 961-9304
Fax: (305) 530-7976

cc: Special Agent Chinelle Medina
United States Customs Service

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this June 18, 2003 to Jason Grey, Esq., 1571 NW 13th Ct., Miami, FL 33125.

_____
Seth Eric Miles
Assistant United States Attorney

LAW OFFICES
# KENNETH J. KUKEC
PROFESSIONAL ASSOCIATION
One Biscayne Tower, Twenty-Sixth Floor
Two South Biscayne Boulevard
Miami, Florida 33131-1802

Telephone 305/358-2000
Facsimile 305/358-1233
E-Mail kukec@bellsouth.net

September 16, 2003

Mr. Shannell A. James
Reg. No. 69829-004
FDC-Miami
P.O. Box 019118
Miami, FL 33101-9118

    Re: <u>U.S. v. James el al.</u>, 03-20452-583-CR-Ungaro-Benages

Dear Mr. James:

    Pursuant to your request at our conference at FDC-Miami on September 9, 2003., enclosed is a copy of the lab report provided by the prosecution in discovery.

    It was a pleasure meeting with you. Please feel free to call or write if you have any questions or would like to discuss any matter concerning your case.

                       Very truly yours,

                         KENNETH J. KUKEC

kjk:dt
enclosure

Read Instructions on Reverse before completing

**U.S. Department of Justice**
**Drug Enforcement Administration**

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Lab. Seizure ☐ Purchase ☒ Seizure ☐ Free Sample ☐ Money Flashed ☐ Compliance Sample (Non-Criminal) ☒ Internal Body Carry ☐ Other (Specify) | | | | MI13HE03MI0294 | 334 | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Miami, Florida (MIA) | 05/28/03 | Shanell Antoine JAMES |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| U.S. CUSTOMS SERVICE | ☐ Case No OR ☒ Seizure No. 2003520600070201 | 05/28/03 | Airport Narcotics Group 7 |

| 9. Exhibit No. | 10. FDIN (18 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | Heroin | Pellets STC Heroin | 2.38 lbs | 1082.3 g | |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** ☒ NO (included above)  ☐ YES (If Yes, enter exhibit no. and describe original container fully)

**REMARKS:**
On 05/25/02, Shanell Antoine JAMES entered the U.S. via Miami International Airport abaord American Airlines flight #1880 from Curacao. JAMES was subsequently arrested for attempting to smuggle approximately 2.38 lbs. of heroin, as an internal courier, into the United States.

NOTE: Case Agent is Chinelle MEDINA

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| S/A Chinelle Medina | G/S Thomas Chafey |

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 Bag | 05/29/03 | Hal Bradley S/A ICE #34624 |
| 22. SEAL ☐ Broken ☒ Unbroken | 23. RECEIVED BY (Signature & Date) 5-29-03 | 24. Print or Type NAME and TITLE |

**LABORATORY REPORT**

**25. ANALYSIS SUMMARY AND REMARKS**

136387

| 26. Exhibit No. | 27. Lab No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION 00026 |

DEA Form (Sept. 1995) - 7     Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecutor

**03 5206-082**

## JACKSON MEMORIAL HOSPITAL EMPLOYEE ASSIGMENT SHEET

| Subject: | SHANELL JAMES | Inspector: | ■ | Date: | 05-25-03 |
|---|---|---|---|---|---|
| Gender: | circle one (M)/F | SAS #: | ■ | Airline & Fit #: | AA 1880 |
| Commodity: | COCAINE | Supervisor: | ■ | | |
| Target: | ? | Log #: | 5206 082 | | |

| Date | Tour of Duty | Inspectors | OT # |
|---|---|---|---|
| SUN 05/25 | 0001-0400 Primary: | | |
| | 0001-0400 Witness: | | |
| | 0400-8000 Primary: | | |
| | 0400-8000 Witness: | | |
| | 8000-1600 Primary: | | |
| | 8000-1600 Witness: | | |
| | 1600-2400 Primary: | ■ | |
| | 1600-2400 Witness: | ■ | |
| MON 05/26 | 0001-0400 Primary: | ■ | 13396 |
| | 0001-0400 Witness: | ■ | 13397 |
| | 0400-8000 Primary: | ■ | 13401 |
| | 0400-8000 Witness: | ■ | 13400 |
| | 8000-1600 Primary: | | — |
| | 8000-1600 Witness: | | — |
| | 1600-2400 Primary: | | |
| | 1600-2400 Witness: | | |
| TUE 05/27 | 0001-0400 Primary: | | |
| | 0001-0400 Witness: | | |
| | 0400-8000 Primary: | ■ | 13439 |
| | 0400-8000 Witness: | ■ | 13437 |
| | 8000-1600 Primary: | | — |
| | 8000-1600 Witness: | | — |
| | 1600-2400 Primary: | | — |
| | 1600-2400 Witness: | | — |
| WED 05/28 | 0001-0400 Primary: | | |
| | 0001-0400 Witness: | | |
| | 0400-8000 Primary: | ■ | 13473 |
| | 0400-8000 Witness: | ■ | 13471 |
| | 8000-1600 Primary: | | — |
| | 8000-1600 Witness: | | — |
| | 1600-2400 Primary: | ■ | 13487 |
| | 1600-2400 Witness: | ■ | 13493 |

Consent to Search: ___ Yes  ✓ No          Miranda Rights Waived: ___ Yes  ✓ No

Drug at Seized Propperty Warehouse: ___ Yes    ✓ No

*All deletions b6, b7C, J2*    **MAIF**

~~OFFICIAL USE ONLY~~

| DEPARTMENT OF THE TREASURY<br>UNITED STATES CUSTOMS SERVICE<br>R E P O R T  O F  I N V E S T I G A T I O N<br>C O N T I N U A T I O N | 1. PAGE   5   *b6, b7C, J2* |
|---|---|
| | 2. CASE NUMBER  ███████ |
| | 3. REPORT NUMBER: 001 |

4, & 8, and turned it over to the Seized Property Custodian, Miami, Florida.

On 06/02/03, National Intern ███ *b6, b7C, J2* ███ took custody of line item 5, 6, & 7, and turned it over to the Miami SAIC Evidence Custodian, ███████ *b6, b7C, J2*

WITNESSESS:

Bureau of Customs and Border Protection
Director Passenger Processing
Miami International Airport
P.O. Box 997930
Miami, FL 33166

Inspectors:

███████ *b6, b7C, J2*

Supervisory Customs Inspector (SCI) ███████ *b6, b7C, J2*

Bureau of Immigrations and Customs Enforcement
Office of Investigations
8075 NW 53rd Street
Miami, FL 33166

Special Agents:

S/A
S/A
S/A
S/A   *b6, b7C, J2*
S/A
S/A
S/A
S/A
S/A

Drug Enforcement Administration:
DEA Chemist
DEA Southeast Regional Laboratory
5205 NW 84th Avenue
Miami, FL 33166

CHROLONOGY OF EVENTS:

~~OFFICIAL USE ONLY~~
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE US CUSTOMS SERVICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

O̶F̶F̶I̶C̶I̶A̶L̶ U̶S̶E̶ O̶N̶L̶Y̶

| DEPARTMENT OF THE TREASURY UNITED STATES CUSTOMS SERVICE | 1. PAGE 4 |
|---|---|
| | 2. CASE NUMBER ▓▓▓▓▓ b2 |
| REPORT OF INVESTIGATION CONTINUATION | 3. REPORT NUMBER: 001 |

During the period from 05/25/03 to 05/28/03, Bureau of Customs and Border Protection Inspectors working in shifts, assigned to conduct monitored bowel movement, at Jackson Memorial Hospital recovered approximately one hundred twenty six (126) pellets of JAMES' body. The pellets contained a powdery white substance that field-tested positive for the presence of heroin.

On 05/28/03, Bureau of Customs and Border Protection Inspector ▓▓▓▓ [b6, b7C, J2] seized line item 1. On 05/28/03, S/A ▓▓▓▓ and G/S ▓▓▓▓ [b6, b7C, J2] took custody of line item 1 and locked it in the evidence vault at Miami International Airport.

On 05/29/03, line item 1 was recovered by S/A ▓▓▓▓ [b6, b7C, J2] and was turned over to the DEA Southeast Regional Lab for a complete analysis.

NON DRUG EVIDENCE:

Line item 2    (CF 6051#    2296875): Nylon Green Roller Suitcase with personal effects

Line item 3    (CF 6051#    2296875): White Bag with personal effects

Line item 4    (CF 6051#    2296888): Pioneer Speaker

Line item 5    (CF 6051#    2296886): Airline Ticket

Line item 6    (CF 6051#    2296886): U.S. Passport

Line item 7    (CF 6051#    2296889): Personal Documents

Line item 8    (CF 6051#    2296887): Watch

(Agent's Notes: Original CF 6051 indicated line item 7 as being a watch and line item 8 as being personal documents. On 06/2/03, CF 6051 # 2296889 and 2296887 were amended to reflect line item 7 as being personal documents and line item 8 as being a watch).

CUSTODY OF NON-DRUG EVIDENCE: [b6, b7C, J2]

On 05/28/03, USCI ▓▓▓▓ seized line items 2, 3, 4, 5, 6, 7, & 8.

On 05/28/03, S/A ▓▓▓▓ [b6, b7C, J2] took custody of line items 2, 3, 4, 5, 6, 7, & 8.

On 05/29/03, S/A ▓▓▓▓ [b6, b7C, J2] took custody of line items 2, 3,

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE US CUSTOMS SERVICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.