United States District Court
for The District of Columbia

Shanell James,
    Plaintiff

against

U.S. Customs and Border Protection,
    Defendant

Civil Action No.
06-0562 (RMC)

Supplemental Motion for Leave to Amend Complaint (New Defendant(s))

RECEIVED
JAN 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Now comes, Plaintiff Shanell James, and moves this Honorable Court pursuant to Rule 15,(a)(c)(3)(d) of the Rules of Federal Civil Procedures to Amend the Complaint in the above titled Action (civil) to include the Drug Enforcement Administration (DEA), and the U.S. Immigration & Customs Enforcement (ICE) as Defendant(s). In support hereof, Plaintiff avers and show the following;

Factual Background

1) In November/2004, Plaintiff submitted a request to the U.S. Department of Justice's, Justice Management Division. This request was pursuant to FOIA/PA, and the information sought was specifically a "Lab Analysis" report generated by Special Agent Chinell Medina (ICE) who then referred seizure (No. 2003520 6000702-01) to the Drug Enforcement Administration's

(1)

Southeast Laboratory for forensic analysis. This analysis was to be a complete comprehensive analysis examination to determine the chemical make-up, pure concentration, measure of potency, and a determination of official weight. The was essential to determine, for this was to be used in base offense scoring pursuant to United States Sentencing Guidelines (U.S.S.G.).

2) This FOIA/PA request was referred internally via the Justice Management Division's referral to the DEA, and the various other agencies who it determined might have, the record sought/requested. The information relative to the requested "Lab Analysis" was Indictment No. 03-2712-O'Sullivan, in connection to Federal Criminal Case No. 03-CR-20452 (UUB) that was heard in the Southern District of Flordia (Miami). Additional information to be used as search criteria is File No. MI13HEO57I 0294, Lab No. 136387, Seizure No. 2003520600070-01 and date of transfered custody to DEA Laboratory 05/28/2003.

3) In February/2005, Plaintiff submitted another FOIA/PA request seeking the same "Lab Analysis" report, direct to both DEA, and the ICE. This generated document made by Special Agent Chinell Medina (ICE) displayed the referring agency as "U.S. Customs Service". This confused Plaintiff who believed that the U.S. Customs Service was the agency responsible for the request record (solely). This was the reason why Plaintiff filed his original complaint without naming DEA and ICE

(2)

for the requested FOIA/PA material (Lab report), as Defendant(s) in the above Civil Action No. 06-0562 (RMC).

4) Plaintiff submitted FOIA request to DEA for the record, was initially claimed by the DEA as "not being able to locate any records responsive to request". (see enclosed copy of DEA's response letter to FOIA request, dated March 1, 2005). This letter went on to advise Plaintiff of his right to appeal in 60 days if he wasn't satisfy, to Co-Director, Office of Information and Privacy, FLAG building, Suite 570, Washington, DC 20530.

5) Plaintiff submitted appeal on March 8, 2005 (see enclosed copy of FOIA/PA appeal).

6) On June 6, 2005 the Office of Information and Privacy affirmed the DEA's action regarding Plaintiff FOIA request. This letter further stated "The DEA informed you that it could locate no records responsive to your request. It has been determined that the DEA's response is correct". (See enclosed copy of Office of Information & Privacy letter denying FOIA/PA appeal)

7) As a result of the filed complaint and the associated litigation before this Honorable Court, Plaintiff recieved the "Declaration of Dorothy Pullo", to which Paragraph 11 states that CBP (current Defendant) had already forwarded the Plaintiff's FOIA request to U.S. Immigration & Customs Enforcement (ICE) on July 7, 2005, for review and determination. (see enclosed copy of "Declaration of Dorothy Pullos)

③

8) Plaintiff was not notified that his submitted FOIA request was forwarded to ICE by CBP until July/2007, when he recieved the letter that confirmed the statement made in the "Declaration of Dorothy Pullos". The letter from ICE expressed "Please excuse our tardiness in responding to your request". (2 year delay) (see enclosed letter, dated March 20, 2007) This letter was futher delayed for 2-3 months, because it was sent to Plaintiff's former housing facility (Otisville, NY). In addition ICE also released 12 pages of documents that were relative to Plaintiff's criminal case and reference the requested "Lab Analysis" report sought. However this report was not released with these documents.

9) In November/2007, Plaintiff recieved a letter from DEA which denied his second request for the Lab Analysis report (August/Septmeber 2007) This letter was some what contradictory for the initial (FOIA request) letter denying request stated that "no records could be located responsive to request". Now it stated that it was denying Plaintiff's request to which it cited exemptions;

Freedom of Information Act
5 U.S.C 552
(b)(7)(C), (b)(6)

Privacy Act
5 U.S.C 552a
(j)(2)

These cited exemptions are for one withheld document totaling 1 page. Which is believed to be the "Lab Analysis" report. (See enclosed copy of

④

DEA letter, dated November 2007.

10) Plaintiff believes the enclosed letters, records, etc, support this petition to have DEA and ICE amended to this Civil Action for not providing the requested/sought material pursuant to FOIA/PA. In addition, it also corroborates Plaintiff's various claims of continual skewed trial of denials of information that he is suppose to be provided via FOIA, specifically "Lab Analysis" report.

11) Also herewith is one of the released document that proves that CBP, (current defendant) ICE, and DEA were prospective witness. This is a "Witness List" which shows that the aforementioned agencies were to be used in Plaintiff's trial process, to testify to the particulars of the evidence in Federal Criminal Case No. 03-20452-UUB, including the request "Lab Analysis" report. (see enclosed copy of "Witness List")

12) Futhermore, Plaintiff asserts that ICE should be amended as an additional Defendant, because when Plaintiff submitted his complaint for Judicial Review. It was served by this Honorable Court via U.S. Marshals Service a summons/complaint to the U.S. Department of Homeland Security's, General Counsel for CBP. This General Counsel failed to critique the complaint and accompanying documents. For it the General Counsel did critique these items, it would have realized that

⑤

ICE was identified adequately as the agency responsible for the generated "Lab Analysis" report that is the subject of complaint and the associated litigation pending before this Honorable Court. The identification should have be revealed in the acompanying letters of correspondence sent with complaint of the above Civil Action. This was sent to the General Cousel of Homeland Security, who is coincidently the same General Counsel for ICE. This failure to identify that Special Agent Chinell Medina was the arresting agent in Federal Criminal Case No. 03-CR-20452-UUB, and the generating source who referred seizure and report to DEA, shows the irresponsibility of trying to remed this situation. (See enclosed copy of Notice & Acknowledgement reciept of summons and complaint by Mail)

13) Lastly in various filings in this Civil Action the current Defendant CBP representing counsel, have titled "U.S. Department of Homeland Security" as Defendant. Thus, the General Counsel of DHS is also the General Counsel for ICE. Therefore, the amending of ICE should be permitted. (See enclose filings)

Wherefore, In conclusion Plaintiff humbly and respectfully prays that this Honorable Court will grant leave to amend Drug Enforcement Administration (DEA), and the U.S. Immigration & Customs Enforcement (ICE) as Defendant(s) in the above Civil Action to which they are culpable for denying Plaintiff request for information pursuant to Title 5, United

(6)

State Code; Section(s) 552 and 552(a), Freedom of Information/Privacy Act(s)". For to date, the above mentioned record has not been provided.

Date: 01/24/08

Gratefully Submitted,

Shanell James

Shanell James, Pro-Se
Register No. 69829-004
Metropolitan Detention Center-Brooklyn
80-29 th Street (Unit K-83)
Brooklyn, New York 11232

⑦

<u>Certificate of Service</u>

I Shanell James, Plaintiff, certify that copies of Supplemental-"Motion for Leave to Amend Complaint (New Defendant(s))" and attached "Document(s) in support" was mailed via Metropolitan Detention Center-Brooklyn's mailroom on __25th__ day of __January__ month, in the year 2008, with first-class postage, pre-paid, and affixed. It was addressed to Defendant at:

Heather Graham-Oliver
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.-Civil Division
Room 4-4808
Washington, DC. 20530

This is true and correct

_Shanell James_
Shanell James, Plaintiff
Pro-Se litigant

⑧