<u>Attached</u>
Documents In Support

Document 1: "Justice Management Division's" Freedom of Information Act/Privacy Act, Referral/ Action Slip. w/. letter
dated January 3, 2005    total of 3 pages

Document 2: "FOIA/PA Request" to DEA and CBP
dated February 22, 2005    total of 2 pages

Document 3: Un-completed "Lab Analysis" report provided by Plaintiff's Criminal Case counsel w/ letter
dated September 16, 2003    total of 2 pages

Document 4: "FOIA Appeal" to Office of Information & Privacy, Co-Director
dated March 8, 2005    total of 3 pages

Document 5: "FOIA" denial by DEA
dated March 1, 2005    total of 1 page

Document 6: "FOIA Appeal" denial letter, from Office of Information & Privacy
dated June 6, 2005    total of 2 pages

Document 7: "Declaration of Dorothy Pullo" dated August 13, 2007    total of 6 pages

⑨

Document 8: Corresponding letter from ICE documenting 2 year delay in FOIA request
dated March 20, 2007          total of 2 pages

Document 9: Letter from DEA denying 2nd FOIA Request
dated November 14, 2005          total of 2 pages

Document 10: "Witness List"
undated          total of 1 page

Document 11: "Notice of Acknowledgement Reciept of Summons and Complaint"
dated August 9, 2006          total of 1 page

Document 12: Two filings in which "U.S. Department of Homeland Security named itself as Defendant
total of 6 pages

# End

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act
Referral/Action Slip**

Clerk:  Barnes

Organization: JMD/FASS

Building & Room:  LOC, 113

Date:  JAN 0 3 2005

| To | From | | To | From |
|----|------|---|----|------|
| ☐ | ☐ Office of Information & Privacy | | ☐ | ☐ Immigration Review, Executive Office for |
| | | | ☐ | ☐ Inspector General, Office of |
| | | | ☐ | ☐ Intelligence Policy and Review, Office of |
| | | | ☐ | ☐ INTERPOL, U.S. National Central Bureau |
| ☐ | ☐ Antitrust Division | | ☐ | ☐ Justice Management Division Staff: _____ |
| ☐ | ☐ Bureau of Alcohol, Tobacco, Firearms and Explosives | | ☐ | ☐ Justice Programs, Office of |
| ☐ | ☐ Civil Division | | ☐ | ☐ Legal Counsel, Office of |
| ☐ | ☐ Civil Rights Division | | ☐ | ☐ National Drug Intelligence Center |
| ☐ | ☐ Community Relations Service | | ☐ | ☐ Pardon Attorney, Office of |
| ☐ | ☐ Community Oriented Policing Services | | ☐ | ☐ Professional Responsibility Advisory Office |
| ☐ | ☐ Criminal Division | | ☐ | ☐ Professional Responsibility, Office of |
| ☐ | ☐ Dispute Resolution, Office of | | ☐ | ☐ Solicitor General, Office of |
| ☑ | ☐ Drug Enforcement Administration | | ☐ | ☐ Tax Division |
| ☐ | ☐ Environment & Natural Resources Division | | ☑ | ☐ U.S. Attorneys, Executive Office for |
| ☐ | ☐ Federal Bureau of Prisons | | ☐ | ☐ U.S. Marshals Service |
| ☑ | ☐ Federal Bureau of Investigation | | ☐ | ☐ U.S. Parole Commission |
| ☐ | ☐ Federal Detention Trustee, Office of | | ☐ | ☐ U.S. Trustees, Executive Office for |
| ☐ | ☐ Foreign Claims Settlement Commission | | ☐ | ☐ _____ |

Requester:  Shanell A. James

Ref:  Case No. 03-20452-CR

Date of Request:  November 10, 2004

Received By:  FOIA/PA Mail Referral Unit          Type of Request:  FOI/PA

Remarks:  Requester advised of this referral.

FORM JMD-481
Rev. Mar. 2004

①



**U.S. Department of Justice**

---

*Washington, D.C. 20530*

JAN 0 3 2005

Shanell A. James                                   Re:  Case No. 03-20452-CR
Reg. No. 69829-004
Unit:  F-B
F.C. I. - Otisville
P.O. Box 1000
Otisville, NY   10963

Dear Ms. James:

Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within twenty business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. The component(s) to which your request has been forwarded are indicated on the enclosed FOIA/PA Referral/Action Slip.   All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

        FOIA/PA
        Drug Enforcement Administration
        Department of Justice
        700 Army Navy Drive
        Arlington, VA  22202
        (202) 307-7596

        FOIA/PA
        Executive Office for U.S. Attorneys
        Department of Justice
        Room 7300, 600 E Street, NW
        Washington, DC  20530
        (202) 616-6757

James                                                                    Page 2

              FOIA/PA
              Federal Bureau of Investigation
              Department of Justice
              935 Pennsylvania Avenue, NW
              Washington, DC  20535
              (202) 324-5520

Your request also designated organizations outside of the Department of Justice as indicated below and will have to be resubmitted by you directly to them.*

Sincerely,

Ronald L. Deacon, Director
Facilities and Administrative
   Service Staff
Justice Management Division

Enclosure
Freedom of Information Act/Privacy Act
   Referral/Action Slip

*Bureau of Customs and Border Protection, Washington, DC  20229

③

This letter was also sent to:

Bureau of Customs and Border Protection
Disclosure Law Branch (Mint Annex)
1300 Pennsylvania Avenue, N.W
Washington, D.C. 20229

Shanell James
Reg. No. #69829-004
FCI Otisville
P.O. Box 1000
Otisville, NY 10963
Unit F-B
February 22, 2005

Drug Enforcement Administration
Freedom of Information Operations Unit
    Department of Justice
700 Army Navy Drive
Arlington, V.A. 22202

RE:    Freedom of Information Act request number 05-102
Dear F.O.I.O.U.

I Shanell James am currently committed to the above mention Federal Facility. I write to request case records in reference to Case No. 03-20452-CR, heard in the Southern District of Florida. This request is the pursuant to Freedom of Information Act (FOIA), 5 U.S.C. sec. 552, and Privacy Act 5 U.S.C. § 552a.

I specifically request Lab Analysis Report prepared by your agency. This in reference to the above mentioned Federal Criminal Case No. 03-20452-CR. Also, any additional records or documents in relation to case. Including any audio, Video, or Photographs of Surveillance in the above case. Date of Arrest 05/28/03, Arresting Agency (I.C.E.).

As you know, the Freedom of Information Act provides that if portions of a Document are exempt from release, the remainder must be segregated and disclosed. Therefore, I will expect you to send Me all nonexempt portions of the records which I have requested, and humbly ask that you justify any deletions with reference to specific exemptions of FOIA.

The information requested is not to be used for commercial benefit, so I do not expect to be charged fees for your review of the Material to see if it fall within one of FOIA's exemptions.

As you know the FOIA provides for the wavier or reduction of search and duplication fees where the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

In conclusion, I request the above document(s) as I research the above criminal case in which I have no record. Please be advised that I'm currently

④

economically challenge, and have no community support. So I humbly request that any fees associated with this request be waived. Thank You.

> Respectfully Submitted,
>
> *Shanell James*
> Shanell James

<u>Note:</u>   When responding to this request/correspondence. Please label sending envelope, or package <u>Legal Mail/ Open in the presence of Inmate.</u> This is to protect my confidence.

LAW OFFICES
# KENNETH J. KUKEC
PROFESSIONAL ASSOCIATION
One Biscayne Tower, Twenty-Sixth Floor
Two South Biscayne Boulevard
Miami, Florida 33131-1802

Telephone 305/358-2000
Facsimile 305/358-1233
E-Mail kukec@bellsouth.net

September 16, 2003

Mr. Shannell A. James
Reg. No. 69829-004
FDC-Miami
P.O. Box 019118
Miami, FL 33101-9118

**Re: <u>U.S. v. James el al.</u>, 03-20452-583-CR-Ungaro-Benages**

Dear Mr. James:

Pursuant to your request at our conference at FDC-Miami on September 9, 2003., enclosed is a copy of the lab report provided by the prosecution in discovery.

It was a pleasure meeting with you. Please feel free to call or write if you have any questions or would like to discuss any matter concerning your case.

Very truly yours,

KENNETH J. KUKEC

kjk:dt
enclosure

⑥

SOUTHEAST LABORATORY

Read Instructions on Reverse
before completing

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

**1. HOW OBTAINED (Check)**
☐ Purchase  ☒ Seizure  ☐ Free Sample
☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal)
☒ Internal Body Carry  ☐ Other (Specify)

**2a. FILE NO.** MI13HE03MI0294
**2b. PROGRAM CODE** 334
**3. G-DEP ID**

**4a. WHERE OBTAINED (City, State/Country)** Miami, Florida (MIA)
**4b. DATE OBTAINED** 05/28/03

**5. FILE TITLE** Shanell Antoine JAMES

**6a. REFERRING AGENCY (Name)** U.S. CUSTOMS SERVICE
**6b. REFERRAL** ☐ Case No. OR ☒ Seizure No. 2003520600070201

**7. DATE PREPARED** 05/28/03

**8. GROUP NO.** Airport Narcotics Group 7

| 9. Exhibit No. | 10. FDIN (18 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | Heroin | Pellets STC Heroin | 2.38 lbs | 1082.3 g | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** ☒ NO (included above)  ☐ YES (If Yes, enter exhibit no. and describe original container fully)

**REMARKS:**

On 05/25/02, Shanell Antoine JAMES entered the U.S. via Miami International Airport abaord American Airlines flight #1880 from Curacao. JAMES was subsequently arrested for attempting to smuggle approximately 2.38 lbs. of heroin, as an internal courier, into the United States.

NOTE: Case Agent is Chinelle MEDINA

**17. SUBMITTED BY SPECIAL AGENT (Signature)** S/A Chinelle Medina
**18. APPROVED BY (Signature & Title)** G/S Thomas Chafey

### LABORATORY EVIDENCE RECEIPT REPORT

**19. NO. PACKAGES** 1 B-
**20. RECEIVED FROM (Signature & Date)** 05/29/03
**21. Print or Type NAME and TITLE** Hal Bradley S/A ICE #34624

**22. SEAL** ☐ Broken ☒ Unbroken
**23. RECEIVED BY (Signature & Date)** 5-29-3
**24. Print or Type NAME and TITLE** G. ILEN

### LABORATORY REPORT

**25. ANALYSIS SUMMARY AND REMARKS**

136387

| 26. Exhibit No. | 27. Lab No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**34. ANALYST (Signature)**
**35. TITLE**
**36. DATE COMPLETED**

**37. APPROVED BY (Signature & Date)**
**38. TITLE**
**39. LAB. LOCATION** 00026

DEA Form
(Sept. 1995) - 7    Previous edition dated 4/90 may be used until stock is exhausted.    1 - Prosecutor

00026

⑦

Shanell James
Register No. #69829-0
F.C.I. Otisville
P.O. Box 1000
Otisville, N.Y. 10963
Unit F-B
March 8, 2005

Office of Information and Privacy
Co-Director
LAG Building, suite 570
Washington, D.C. 20530

RE: FOIA/PA Appeal request no.(s) 1012051-001
25-102, 05-524

Dear Co-Director,

I Shanell James am currently committed to the above Federal facility
write to appeal the above reference request
numbers regarding Freedom of Information
and Privacy Act. This appeal is pursuant
to 28 C.F.R. 16.9.

The original request was an effort to
obtain documents relation to Federal criminal
case no. 03-20452-CR. This case was
heard in the Southern Distric of Flordia
(Miami). Presiding under the Honorable Distric
Judge Ursula Ungaro-Benages. The arresting
agency is I.C.E, arrest date 05/28/03

⑧

The record document(s) I seek is a Lab Analysis Report prepared by I.C.E in which alleged seized narcotics was analyzed by the Drug Enforcement Administration. I've also requested any audio, video, or photographs of surveillance in relation to the above mentioned case.

The initial FOIA/PA request was filed with the U.S Department of Justice, Freedom of Information and Privacy Act referral Unit. Who then forwarded it to the following agencies:

1.) Executive Office for United States Attorneys
FOIA/PA
Department of Justice
600 E Street N.W. Room 7300
Washington, D.C. 20530

2.) Federal Bureau of Investigation
FOIA/PA
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

3.) Drug Enforcement Administration
FOIA/PA
Department of Justice
700 Army Navy Drive
Arlington, V.A. 22202

9

It was in one correspondence that I received from DOJ FOIA/PA referral unit that noted that the Bureau of Customs and Border Protection (newly know as I.C.E) it stated that I would have to re-submit a request directly. Because that agency is outside of the DOJ.

Presently I written these agencies and have been unsucessful in getting the information I seek.

In conclusion I appeal to your officer to request the above mention records and documents(s) and/or to re confirm that they don't exist. Enclosed within this appeal is various letter detailing the response I've received from the agencies involved. (Excluding the Bureau of Customs and Border Protection, to which I expect a reply shortly). Please be advised that I'm currently economically challenge and have no community support. I humbly request that any fees associated with this appeal and request be wavied. Thank you

Subscribed and sworn to before me this ___ day of MAR 2005

JULIE A. TIMINS
Notary Public, State of New York
No. 01TI6100268
Qualified in Orange County
Commission Expires Oct. 14, 2007

Respectfully Submitted,
Shanell James



(10)



**U.S. Department of Justice**

Drug Enforcement Administration

MAR 0 1 2005

Washington, D.C. 20537

March 1, 2005

Request Number:        05-0524-P

Subject of Request:    JAMES, SHANELL ANTONIE

FCI OTISVILLE
P.O. BOX 1000
OTISVILLE, NY 10963

DEAR SHANELL A. JAMES:

Your Freedom of Information/Privacy Act request to the Drug Enforcement Administration (DEA) has been reviewed. The paragraph below applies:

A review of DEA indices indicates that based on the information you provided as search criteria, the DEA has located no records which are responsive to your request.

If you wish to appeal any denial of your request, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA" Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

DEA FOIA Home Page... http://www.usdoj.gov/dea/foia/dea.htm

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 0 6 2005**

Mr. Shanell James
Register No. 69829-004, Unit F-B
Federal Correctional Institution    Re:  Appeal No. 05-1298
Post Office Box 1000                     Request No. 05-524
Otisville, NY  10963                     RLH:ADW:JTR

Dear Mr. James:

You appealed from the action of the Drug Enforcement
Administration on your request for access to records concerning you,
specifically including a "lab analysis report" you believe was
prepared by the DEA for use in your criminal case, No. 03-20452.

After carefully considering your appeal, I have decided to
affirm the DEA's action on your request.

The DEA informed you that it could locate no records responsive
to your request.  It has been determined that the DEA's response is
correct.

You mentioned both U.S. Customs and Border Protection and U.S.
Immigration and Customs Enforcement (ICE) in your correspondence with
the DEA and this Office.  If you have not done so already, you may
wish to submit separate FOIA requests for the information you seek to
these components of the Department of Homeland Security.  The
addresses for U.S. Customs and Border Protection and ICE,
respectively, are:

          Freedom of Information Act Request
          U.S. Customs Service
          1300 Pennsylvania Avenue NW.
          Washington, D.C.  20229

          Director
          Freedom of Information Act/Privacy Act Program
          425 Eye Street NW., 2nd Floor
          ULLICO Building
          Washington, D.C.  20536

-2-

If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Shanell James,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )         Civil No. 1:06CV00562
                                        )
U.S. Customs and Border Protection      )
                                        )
                    Defendant.          )
                                        )

## DECLARATION OF DOROTHY PULLO

I, DOROTHY PULLO, in accordance with the provisions of 28 U.S.C. § 1746, declare as
follows:

1. I am currently the Acting Director, Facilities Division of the Office of Field
   Operations (OFO) at U.S. Customs and Border Protection (CBP). At the time
   when this Freedom of Information Act (FOIA) litigation was filed by Plaintiff,
   Shanell James, regarding his request for information under the FOIA, I was the
   Supervisory Program Analyst of the Freedom of Information Act (FOIA)/Privacy
   Act (PA) Branch, OFO, CBP. I worked in that capacity from April 2005 to May
   18, 2007. During this period I was the official responsible for the overall
   supervision and management of the processing of FOIA requests for records
   contained in CBP record systems, including CBP's database of information on the
   inspection of individuals at the border, as recorded in the Treasury Enforcement
   Communications System (TECS). I have been with CBP (formerly the U.S.
   Customs Service) for the past 26 years.

2. My statements are based upon my personal knowledge and information furnished
   to me in my official capacity as the Supervisory Program Analyst of the FOIA/PA
   Branch within OFO, and my review of the record systems kept in the ordinary
   course of business by CBP.

3. U.S. Customs and Border Protection is the unified border protection component
   within the Department of Homeland Security (DHS), which combines the
   immigration, customs and agricultural border inspection functions within DHS.
   CBP is charged with the management, control and protection of our Nation's
   borders at and between the official ports of entry.

4. CBP is organized into a number of functional offices. Within CBP, the FOIA
   program at the initial stage is decentralized, which means that each office

⑭

processes its own records. Accordingly, a FOIA request is likely to be processed more expeditiously if the FOIA requester addresses it directly to the Office that it believes will have possession of the records he seeks.

5. Plaintiff maintains that on February 22, 2005, he sent a FOIA request addressed directly to CBP Headquarters. See Plaintiff's Complaint. Plaintiff requested a Lab Analysis report "prepared by [CBP] . . . . in reference to . . . . Criminal Case No. 03-20452-CR . . . . [and] any additional records or documents in relation to [the] case. Including any audio, video, or photographs of surveillance in the above case. Date of Arrest 05/28/03, Arresting Agency (I.C.E.)." [1]

6. Because plaintiff was initially stopped by CBP, a search was conducted of the Treasury Enforcement Communications System (TECS) for any and all records concerning the plaintiff. TECS is a centralized database through which CBP Officers access various law enforcement agencies' information, as well as information regarding violations of the customs, immigration and agriculture laws and regulations of the United States. TECS is the system that CBP Officers at ports of entry use when travelers present themselves for entry into the United States. It is also the system used to record all "secondary inspections" of travelers. [2] On May 25, 2003, the Plaintiff was selected for secondary inspection upon arrival at Miami International Airport. TECS is the sole interface to Federal, State and local agency information used to assist CBP officers encountering travelers at the border. As such, a search of TECS would be reasonably calculated to uncover all relevant CBP records relating to Plaintiff.

7. On June 23, 2006, in response to Plaintiff's lawsuit, CBP conducted a search of TECS, and found two (2) pages of documents responsive to Plaintiff's FOIA request. See Exhibits E and F attached to Defendant's Motion for Summary Judgment. CBP disclosed the documents to Plaintiff in part, redacting certain information pursuant to FOIA exemptions 2, 6 and 7(C). On September 8, 2006, CBP filed a Motion for Summary Judgment and the Court issued its opinion and order on February 23, 2007, denying the Motion without prejudice.

---

[1] Immigration and Customs Enforcement (ICE) is another component of DHS. In addition, Plaintiff indicates his date of arrest as May 28, 2003. However, he was arrested on May 25, 2003.

[2] A "secondary inspection" is a border examination that goes beyond initial CBP questioning, which is conducted to ensure compliance with customs, agriculture and immigration requirements, and that no harm would be posed by the individual's entry into the United States. It is conducted in a separate area from the place of initial CBP processing, and can include: a more detailed examination of required travel and entry documents; a search of a vehicle; a search of the person; and/or the examination of baggage.

8. In response to the Court's memorandum opinion and order issued on February 23, 2007, I re-examined the two (2) pages of documents that had been retrieved from TECS and discovered a notation within those documents regarding a seizure. As a result, I contacted the Office of Fines, Penalties and Forfeiture (FP&F), within CBP's Miami Field Office to determine whether a seizure report or any additional records or information existed and could be located with respect to the incident.

9. In response to that contact, my office received fifty-five (55) documents relating to narcotics and personal items recovered and seized from the Plaintiff at the time of his secondary inspection at the Miami International Airport. These records have been released, in redacted form, to the Plaintiff. Therefore, CBP has released to Plaintiff any and all releasable information it has in its possession that is responsive to Plaintiff's FOIA request.

10. Plaintiff's original request to CBP included a request for the "Lab Analysis Report," which he indicates was prepared by CBP. However, CBP does not prepare such reports, and, as a matter of course, would not receive copies of such records. Therefore, no such report was found by CBP and no "lab analysis report" is included among the fifty-five (55) documents released to the Plaintiff.

11. ICE was the arresting law enforcement agency in this case and upon my review of the CBP file, I discovered notations that Plaintiff's FOIA request had been previously forwarded by CBP to ICE on July 27, 2005 for review and determination on the release of documents and/or information to the Plaintiff. As the arresting agency, ICE may have received lab analysis reports and other records relating to the narcotics seized from the Plaintiff. In addition, ICE, along with the prosecuting government agency, would likely maintain any additional records that accumulated as the case progressed through the criminal system.

12. As mentioned in paragraph 9, fifty-five (55) responsive documents were located by CBP in response to Plaintiff's original FOIA request. These documents were sent in redacted form to Plaintiff on or about July 11, 2007.[3] The following FOIA exemptions were used to redact information contained in these records: 5 U.S.C. §§ 552(b) (2); (b) (6); (b) (7) (C); (b) (7) (E).

---

[3] CBP initially released the fifty-five (55) documents, by mail, to the Plaintiff on or about June 28, 2007, however, the package was "returned to sender." Based upon information contained in the New York Department of Corrections, Bureau of Prisons website, CBP re-sent the documents to Plaintiff's correct address on or about July 11, 2007.

EXEMPTIONS

13. Section 552(b) (2) of Title 5 of the U.S. Code exempts from mandatory disclosure matters that are "related solely to the internal personnel rules and practices of an agency." Exemption (b) (2) encompasses two distinct categories of information: (a) internal matters of a relatively trivial nature, sometimes referred to as "low 2" information, and (b) more substantial internal matters the disclosure of which would risk circumvention of a legal requirement, sometimes referred to as "high 2" information. With respect to "high 2" information, the intent of exemption (b) (2) is that disclosure should not benefit those attempting to violate the law and avoid detection. The use of Exemption (b) (2) in this case involves both "low 2" and "high 2" information.

14. The "low 2" information withheld pursuant to Exemption (b) (2) consists of phone numbers, facsimile numbers, administrative markings (e.g., file numbers, log numbers, record identification numbers, etc.) relating to internal agency file control systems, administrative codes and computer codes (e.g., access codes, function codes, windows-based access screens or "drop-down" lists, etc.) of internal agency information systems. These markings are purely internal and are utilized by CBP to assist in the management and control of its mission. As access to the filing and computer systems is restricted from the public, the public has little or no interest in this information or the file markings and computer codes. In addition, knowledge of internal agency computer system codes could facilitate improper access to sensitive CBP records and interfere with CBP's ability to maintain control of its information systems.

15. The following types of information were redacted from these documents under "low 2:" reference numbers, computer codes, codes and abbreviations referencing identity of CBP offices, agency codes, and fax numbers.

16. The "high 2" information withheld pursuant to Exemption (b) (2) is predominantly internal and does not impact, in any substantive manner, upon Plaintiff. This "high 2" information consists of such things as the administrative procedures related to the handling of inadmissible aliens (e.g., incident numbers, investigatory record numbers, etc.), the names of units that are activated in response to certain types of incidents, the consultation process within CBP (e.g., internal notification procedures, internal consultation procedures, etc.), the notification or consultation process with other law enforcement agencies, and the procedures related to how information was handled in an operational context by CBP officers. Disclosure of this information to the public would reveal procedures, guidelines, and techniques utilized by the agency in its enforcement operations, thereby benefiting those attempting to violate the law and avoid detection. Public awareness of specific operational information would aid those

4

who seek to circumvent CBP operations and thus harm the agency's effective conduct of its mission.

17. The following types of information were redacted from these documents under "high 2:" reference numbers, procedures related to how information was handled in an operational context by CBP officers, and information relating to the internal procedures of the agency.

18. Section 552 (b) (6) and (7) (C) of Title 5 of the U.S. Code exempts from mandatory disclosure records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. These exemptions protect, among other types of information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes. The exemption is intended to protect law enforcement personnel from harassment and annoyance in their private lives due to the conduct of their official duties, which could conceivably result from public disclosure of their identity. The exemptions are also intended to protect third parties whose identities are revealed in law enforcement files from comment, speculation and any stigmatizing connotation associated with being identified in a law enforcement record.

19. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of any individual's privacy interest in protecting the information, as balanced against the public's interest in disclosure. In each instance, it was determined that whatever public interest there might be, if any, in knowing the names of the individuals identified in the relevant records, that interest did not outweigh the privacy interests of said individuals.

20. In this case, Exemptions (b) (6) and (b) (7) (C) have been applied to the names and other personal identifying information associated with CBP officers, government personnel, and third parties who were mentioned in the documents.

21. Section 552(b) (7) (E) of Title 5 of the U.S. Code exempts from mandatory disclosure "…records or information compiled for law enforcement purposes…[which] would divulge techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

22. Investigative techniques and procedures are subject to "categorical" protection when their disclosure would risk the circumvention of laws and regulations, impede effectiveness of law enforcement activities or associations, and endanger investigatory practices and techniques. Even commonly known techniques and procedures may be protected where the circumstances of their usefulness are not



widely known. Disclosure of the information withheld pursuant to this exemption would advise violators or potential violators of CBP's law enforcement practices, procedures and techniques, thereby enabling them to circumvent the law, avoid detection and evade apprehension.

23. In this case, Exemption (b) (7) (E) has been applied to information concerning law enforcement investigative techniques and procedures. The type of information redacted relates to the type of examination conducted on the Plaintiff during his secondary inspection at the Miami International Airport, and the results of that examination.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 15 of August, 2007.

Dorothy Pullo
Former Supervisory Program Analyst
FOIA/PA Branch
Office of Field Operations
U.S. Customs and Border Protection
Washington, D.C.

*Office of Investigations*

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

DIS 2-01 OI:MS:ID
06-FOIA-19650 MKM

MAR 2 0 2007

Mr. Shanell James
Reg. No. #69829-004
FCI Otisville Unit F-B
P.O. Box 1000
Otisville, New York 10963

Dear Mr. James:

On March 22, 2005, U.S. Customs and Border Protection (CBP) forwarded your Freedom of
Information Act (FOIA) request dated February 22, 2005, to this agency for our response.

Please excuse our tardiness in responding to your request. We currently have a tremendous
backlog that has adversely impacted our response time to the public. However, it has not
impacted the quality of our service and our dedication to the public at large.

Please be advised that we have located twelve pages of records responsive to your request and
have determined that they will be released to you with deletions pursuant to exemptions (b)(2)
and (b)(7)(C) of the FOIA.

If there are any other identifiable records responsive to your request, they would be in our
Offices of the Special Agent in Charge in Miami, Florida. Therefore, your request has been
forwarded to that office for a direct response to you. Further enquiries concerning this matter
should be directed to the Special Agent in Charge, U.S. Immigration and Customs
Enforcement, 8075 North West 53rd Street, Miami, Florida 33166 (Telephone: (305) 664-2955)

If you are dissatisfied with the adequacy of our search or the partial denial of your request for
disclosure, you may appeal this determination, in writing, within 60 days after the date of this
notification to the Associate General Counsel (General Law), Department of Homeland
Security, Washington, DC 20528. Please reference case number 06-FOIA-19650 in all future
correspondence regarding this request.

Mr. Shanell James
Page 2 of 2

Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA,
your right to administrative appeal and judicial review.

Sincerely,

Gloria L. Marshall
Chief, Information Disclosure Unit
Mission Support Division
Office of Investigations

Enclosures

**U.S. Department of Justice**

Drug Enforcement Administration

NOV 1 4 2007

---

*Case Number: 07-0403-P*

*Subject: JAMES, SHANELL A. (EOUSA FOI/PA #05-102)*

*Referred to DEA by: EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA)*

Shanell A. James
Reg. No. 69829-004
FCI Otisville – Unit FB
P.O. Box 1000
Otisville, New York 10963

Dear Shanell A. James:

The Drug Enforcement Administration (DEA) has completed its review of the referred DEA document pursuant to your Freedom of Information/Privacy Act request to the above agency.

A determination has been made to deny your request pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

DEPARTMENT OF JUSTICE
OFFICE OF INFORMATION AND PRIVACY
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosure



Number of pages withheld:    1

Number of pages released:    0

Number of pages referred:    0

Number of pages consulted:  0

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

Freedom of Information Act
5 U.S.C. 552

Privacy Act
5 U.S.C. 552a

| [ ] (b)(1) | [ ] (b)(5)    | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [X] (b)(6)    | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [ ] (b)(7)(F) | | |

23

## Witness List:

(B.I.C.E.) Bureau of Immigration and Customs Enforcement
Office of Investigations
8075 NW 53rd Street
Miami, FL 33166
(786) 265-6900

Special Agents:



Case Agent
Secondary Agent

(B.C.B.P.) Bureau of Customs and Border Protection
Director Passenger Processing
Miami International Airport
P.O. Box 997930
Miami, FL 33166
(786) 265-5602

B.C.B.P. Inspectors:
— Seizing Officer – present during JAMES' x-ray

witnessed JAMES' x-ray

Drug Enforcement Administration
Dea Chemist –
DEA Southeast Regional Laboratory
5205 NW 84th Avenue
Miami, FL 33166
(305) 590-4830
(305) 590-4960 - fax

*Trial Prep for JAMES.*

*All deletions b6, b7C, J 2*

24

**U.S. Department of Justice**
United States Marshals Service

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
District of __Columbia__

TO:

Dept. of Homeland Security
Office of General Counsel
Washington, DC 20528
Attn:  Frances Adams

Civil Action, File Number __06-582  RMC__

Shanell James

v.

US Customs & Border Protection

The enclosed summons and complaint are served pursuant to the Federal Rules of Civil Procedure.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within ____ days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within ____ days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within ____ days of the date those documents were sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

_8/4/06_
Date of Signature

Signature (USMS Official)

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept. of Homeland Security
Office of General Counsel
Attn: Frances Adams
Washington, DC

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

Frances Adams
AUG  9 2006

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery?   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

SERVICE ACCEPTED IN OFFICIAL CAPACITY ONLY

FILED
AUG 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Date of Signature      Form USM-299

25

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Shanell James,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civ. Act. No. 06-0562 (RMC)** |
| | ) |
| **v.** | ) |
| | ) |
| **Department of Homeland Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION FOR A FURTHER EXTENSION OF TIME
## TO FILE MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant, United States Customs and Border Protection (CBP), a component of the United States Department of Homeland Security, requesting pursuant to Fed. R. Civ. P. 6, an enlargement of time within which to file its Motion for Summary Judgment, until Tuesday, August 14, 2007. The Motion is now due on Tuesday, July 31, 2007. Plaintiff has brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act, 5 U.S.C. § 552(a), requesting the disclosure of all records pertaining to him held by the U.S. Customs and Border Protection in the Southern District of Florida. Grant of this motion will not require the rescheduling of any other due dates in this action. Because plaintiff is incarcerated, and proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and defendant has not obtained his position as to the relief requested. See Local Civil Rule 7(m).

Counsel is requesting this additional time due to summer scheduling conflicts. Due to the nature of the filing, counsel is required to supplement the declaration of Dorothy Pullo.

26

Counsel was unaware until today's date that Ms. Pullo is on holiday leave and will not be returning to the office until Friday, August 10, 2007.  Consequently, counsel is requesting a further leave until August 14, 2007 to file the motion for summary judgment.  This motion is not for purposes of delay but for good cause shown and no prejudice results to any party.      No further requests for extensions are anticipated.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant

2

## **CERTIFICATE OF SERVICE**

I certify that a copy of Defendant's Motion for Extension of Time has been mailed, first class, postage prepaid, to Plaintiff at the following address:

Shanell James
Register No. 69829-004
Metropolitan Detention Center - Brooklyn
80 - 29th Street
Brooklyn, New York 11232

on this 31th day of July, 2007

_____
Heather Graham-Oliver
Assistant United States Attorney

28

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Shanell James,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civ. Act. No. 06-0562 (RMC) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Department of Homeland Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION FOR LEAVE TO FILE PROPOSED SCHEDULING ORDER</u>

Now comes the Defendant, United States Customs and Border Protection (CBP), a

component of the United States Department of Homeland Security, requesting leave to file its

proposed scheduling order governing how this case will proceed.  Said proposed scheduling

order was not filed on June 4, 2007, due to the press of business, which included:

- trial in <u>Simpson v. Leavitt,</u> Civ. Act. No. 03-1123 (PLF), on June 4, 2007;
- filing motion to dismiss in <u>Bobby Washington v. U.S. Postal Service,</u> in Civ. Act. No. 06-0562 (RMC) on June 14, 2007; and
- filing Opposition in <u>In Re Apollo,</u> Civ. Act. No. 06-MC-0558 (CKK) on June 15, 2007

Defendant is now requesting leave to file the attached proposed scheduling order.

Plaintiff has brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §

552, as amended, and the Privacy Act, 5 U.S.C. § 552(a), requesting the disclosure of all records

pertaining to him held by the U.S. Customs and Border Protection in the Southern District of

Florida.  CBP moved for summary judgment on the ground that it has fully complied with its

obligations under FOIA.  On February 23, 2007, this Court entered a Memorandum Opinion and

Order denying the Defendant's Motion for Summary Judgment without prejudice on the grounds

that without more than a perfunctory description of its database the Court could not determine whether the one database searched was the exclusive source of potentially responsive material. On May 21, 2007, the Court denied the Plaintiff's Motion for a Writ of Mandamus and ordered the parties to submit a proposed scheduling order on or before June 4, 2007.

Defendant proposes to file a Motion for Summary Judgment addressing the search issue no later than July 30, 2007. Said motion will address all issues in this case.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/

RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney


/s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of Defendant's Motion for leave to file Proposed Scheduling Order and Proposed Order has been mailed, first class, postage prepaid, to Plaintiff at the following address:

Shanell James
Register No. 69829-004
Metropolitan Detention Center - Brooklyn
80 - 29th Street
Brooklyn, New York 11232

on this 18th day of June, 2007

_____
Heather Graham-Oliver
Assistant United States Attorney