United States District Court
for The District of Columbia

---

| | |
|---|---|
| Shanell James,<br>           Plaintiff | Civil Action No.<br>06-0562(RMC) |
| against | |
| U.S. Customs & Border Protection,<br>                      Defendant | Pursuant to 28 U.S.C.<br>§ 1915 (e) (1) |

---

Motion For The Appointment
of Civil Counsel

Now comes, Plaintiff Shanell James, a Pro-Se litigant in the above mentioned Civil Action, who now moves pursuant to 28 U.S.C. § 1915 (e) (1), and since Plaintiff has been Granted leave to proceed " In Forma Pauperis ". Plaintiff avers that the appointment of counsel in this Civil Action is now warranted, and he now files this motion to demostrate that this claim is justly merited.

Factual History

1) On March 24, 2006, Plaintiff filed complaint in Civil Action No. 60-0562(RMC) before this Honorable Court, against Defendant U.S. Customs & Border Protection, for violation of Title 5, United Staes Code Section(s) 552 & 552(a), " Freedom of Information/Privacy Act(s) ( F.O.I.A/P.A. ). Due to the denial of requested information specifically " Lab Analysis Report " prepared by Defendant's Special Agent Chinell Medina. This is relative to Plaintiff's Federal Criminal Indictment No. 03-2712-O'Sullivan, and Case No. 03-20452-Ungaro-Benages. ( See Docket entry # 1 of case record )

RECEIVED
FEB 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2) Plaintiff also filed " Motion to Proceed In Forma Pauperis" that was granted, and ordered obligated to pay $250.00 filing fee via partial payments. ( See Doket entry(s) # 2, 3, and 4 of case record )

3) During the course of litigation Plaintiff has filed numerous request for the appointment of counsel, which was denied by this Honorable Court at various times in Civil Action No. 06-0562(RMC).

4) This Honorable Court has ruled, and found that " the appointment of counsel is not merited, and that Plaintiff has demostrated that he adequately understands the relevant legal prinicipals and can express his arguments clearly." Also, it was stated by the Honorable Court that the Civil Bar is limited for Pro Bono assistance. Futhermore, it was also expected that the litigation engaged by the Plaintiff, and opposed by the Defendant that could possibly be resolved through motions. ( specifically through " Motion for Summary Judgement ")

5) On February 23, 2007, the Court rendered it's Memorandum Opinion & Order denying without prejudice Defendant's " Motion for Summary Judgement. It was sumarized that the search for the soughted/requested ( Lab Analysis report ) material was " inadequate ".

6) On April 20, 2007, Plaintiff was transfered from his Housing facility FCI-McKean( Bradford,PA ) via " Writ " issued by U.S. District Court, E.D.N.Y. . During this transfer Plaintiff was denied to bring his legal property which is the various filings, documentation, and prepared motions that were waiting to be filed by Plaintiff. These motions are " Motion to Seek Leave to Amend New Defendant(s) to Complaint, Interrogatories, and Motion for Subpeona Duces Tecum." Also, there was various other photo copies of relative researched case law, and written notes

associated with Civil Action.

7) On April 26, 2007, the Plaintiff arrived at the Metropolitan Detention Center- Brooklyn(MDC), to which he explained and expressed the situation to the prison officials/ staff. Plaintiff requested that his legal property be mailed from FCI-McKean to MDC-Brooklyn. As it was recommended by Inmate Systems Officer E. Ruiz (FCI-McKean) who process Plaintiff for transfer. Immediately as practical Plaintiff filed various Administrative Remedy(s) including the Norteast Regional Office that over see the administrative remedy process for the facility. To date Plaintiff has only recieved a partial release of his Legal property(60%), to which the aforementioned prepared motions, and researched matreials are missing.

8) In August/ September 2007, Plaintiff petitioned U.S. District Court (E.D.N.Y.) for " Writ of Mandamus " to order the officails here at MDC to locate and provide his needed legal property so that he could effectively continue with his litigation in which he is a Pro Se litigant. Because it was not immediately identified that the nedded prepared motions and researched case notes were missing due to the large volume of materials the Plaintiff had to go through to assess what he was in fact missing. He inadvertently dismissed his Administrative Remedy on the issue.

9) As a result Plaintiff " Writ of Mandamus " was declared "moot " by the U.S. District Court, (E.D.N.Y.), and was voluntarily dismissed by the Plaintiff. Plaintiff then filed an Administrative Tort Cliam as aresult of the loss of his personal property in which his legal property is contained. Plaintiff sought damages ( sum certain ) from the Federal Bureau of Prisons for this loss, and the neglect of not recognizing Plaintiff's various claims via Administrative Remedy(s) for intervention thus contributing to the loss of property thus causing injuries.

<u>Claims Warrant the Appointment of Counsel</u>

10) The Plaintiff believes that he can not effectively argued his claims for relief because he does not have a complete record, and that the needed legal property that misssing futher " handi- caps " him in his efforts. Also, as this Honorable Court knows from the Plaintiff's submitted petition for " Writ of Mandamus " Plaintiff is at a disability.

11) It's now asserted that if Plaintiff is appointed counsel he could adequately have his claims drafted, and express by a legal professional. as this Honorable Court knows the Plaintiff has filed several motions and various filings that the Court had deem moot or frivilious. If Plaintiff is appointed counsel he would have a professional to advise him thus it would spare this Honorable Court of any wasted time in responding to moot or frivilious issues. In addition, this would be a great benefit to the Court if such appointment is granted.

12) In Plaintiff's earlier filed motions for the appointment of counsel, Plaintiff did not advise the Court of his various requeststtooorganizatiioons, agencies, and firms ( including indiviusal attorney(s) ) trying to solicit representation of Pro Bono assistance due to Plaintiff's limited community support and being economically challenged. Submitted herewith are copies of some letters to various outlets seekingrrepresentation,and/or assistance. To date all his requests for help have been denied, or havn't been responded too. Also, it was noted in docket entry #29, the Plaintiff's request to this Honorable Court for the Appointment of the National Legal Professional Associates to represent his claim for the requested " Lab Analysis Report " which was denied by the Defendant's violation of the Freedom of Information/Privacy Act(s), which is the core issue of this Civil Action.

13) Futhermore, the Plaintiff recently filed a Supplemental Memorandum in support of his Opposition to the Defendant's Motion for Summary Judgement, and another Supplemental Motion for Leave to Amend Complaint ( New Defendant(s) ) these filings were drafted by the Plaintiff who had the assistance of another inmate. Plaintiff is worried that because this help he obtain by another inmate is not alway readily available. In addition, this inmate is expected to be transfered shortly, and when he is, Plaintiff is back to being forced to filed possible frivilious filing with an in-complete record, and without the needed researched notes or the associated case law. The facility Plaintiff is currently committed is also limited in the needed Statues especially 19 Code of Federal Regulations which is the perscribed rules that describes the Defendant's Culpability and responsability regarding the processing of F.O.I.A/P.A. requests, and the processing of the evidence in Plaintiff's Federal Criminal Case.

In conclusion, the Plaintiff humbly and respectfully request that this Honorable Court review the issues submitted herewith and if these claims are deemed to have merit. Plaintiff prays for the appointment of counsel to express his variuos claims for the soughted/requested information pursuant to Title 5, United States Code, Section(s) 552 & 552(a). In addition, it's also hoped that he has given a merited arguement to support his position.

Date: 2/07/08

Gratefully Submitted,

*Shanell James*

Shanell James, Pro-Se
Register No. 69829-004
Metropolitan Detention Center-Brooklyn
80-29th Street,(Unit K-83 )
Brooklyn, New York 11232

5